Argued September 15, decided September 23, 1913.

## WILSON v. McCARTHY.

(134 Pac. 1189.)

**Exchange of Property—Rescission for Fraud—Sufficiency of Evidence.**

1. In a suit to set aside an exchange of personal property for land, a conspiracy between defendant, her agent and plaintiff's agent, to defraud plaintiff by misrepresenting the facts as to the land might be inferred from circumstances, and defendant's concurrence therein need not be directly proved.

**Principal and Agent—Ratification—Effect.**

2. Where M., in order to induce plaintiff to exchange certain personal property for land owned by defendant, made representations known to him to be false, upon which plaintiff relied to her injury, defendant, by availing herself of the benefits of the transaction, was bound by the representation, whether M. was her agent or not, since she could not ratify a part of the transaction and repudiate it in part.

From Multnomah: DAVID R. PARKER, Judge.

Department 2. Statement by MR. JUSTICE BEAN.

This is a suit in equity by Sophia R. Wilson against E. P. McCarthy and Nellie M. Rogers to rescind a certain contract wherein the plaintiff exchanged the Mercedes Rooming-house, situated in the City of Portland, for 80 acres of land located in Cowlitz County, State of Washington. From a decree in favor of plaintiff, defendant Nellie M. Rogers appeals.

It appears from the record that plaintiff was the owner of personal property consisting of the furniture and furnishings of the rooming-house known as the Mercedes, together with a lease upon the house and a claim for damages amounting to $800 for an extension of a street, upon which the defendant realized $380, all of which was of the value of $3,000 over and above the mortgage thereon of $1,500; that the defendant Nellie M. Rogers was the owner of the 80 acres of land; that the defendants, E. P. McCarthy, Nellie M. Rogers and A. E. Bodimer, conspired together to de-

fraud plaintiff and proposed to trade the real estate and $500 cash for her personal property subject to the mortgage; that in order to induce plaintiff to make the trade defendants represented to plaintiff that about 70 acres of the real estate was covered with good, merchantable timber of the value of from $1,500 to $2,000, suitable for shingles and telegraph poles; that from eight to ten acres of the land was cleared and in cultivation; that there was a good orchard on the premises and a nice cozy house of three or four rooms; that all the land was practically level, only slightly rolling, and susceptible of cultivation when cleared; that the premises were of the reasonable value of $3,500 and were reached by a good level road leading from the town of Kelso, with only a slight ascent for the last half or three quarters of a mile; that, at the solicitation of the defendant E. P. McCarthy, plaintiff sent A. E. Bodimer to examine and report upon the defendant's real estate; that Bodimer conspired with the other defendants and represented to plaintiff that he had examined the real property and found it to be as represented by defendants, as above stated; that plaintiff relied upon the representations and believed them to be true and traded for the real estate without making an examination thereof and without knowledge in regard thereto, allowing them $3,500; that plaintiff turned over the personal property mentioned, receiving a deed of the real estate, and executed a note to Nellie M. Rogers for $500, which was applied upon the mortgage, leaving $1,500 due upon the same. It further appears that the representations were false in that no part of the land is covered with timber of any value, the same having been burned or logged off, there being only about 100 cords of dead cedar thereon of the value of $50; that the land is not level nor slightly rolling, and that the whole thereof, with the

exception of about 10 acres, is steep, precipitous land
lying at an angle of about 60 degrees; that about two
acres of land are cleared and in cultivation; that the
land is so rugged that not more than 20 acres are sus-
ceptible of cultivation; that the house is a log cabin of
only one room; that the orchard consists of about a
dozen trees approximately two years old; that the road
leading from Kelso to the land for a distance of nearly
eight miles is not a good, level road but a constant
ascent to within one half or three quarters of a mile
of the premises, where it is at an elevation of 1,600
feet, the last half or three quarters of a mile being a
precipitous descent of 600 feet into a canyon; that
there is no road over the last part of the distance but
a mere trail over which one can proceed only on horse-
back or on foot; that the premises are of the value of
about $800 and are inaccessible over any other route;
that the defendants knew that the representations
were false and made the same for the purpose of de-
ceiving and defrauding plaintiff.

The defendant E. P. McCarthy did not appear nor
answer. Defendant Nellie M. Rogers denies that she
made any misrepresentations as to the land, as she had
never seen it, and claims that E. P. McCarthy, her
brother, was the agent of both parties in the negotia-
tions; that he was not authorized by her to make any
false statements; and that she is not responsible there-
for. She claims that the personal property was of the
value of no more than $1,500 over and above the en-
cumbrance; that Bodimer was plaintiff's agent upon
whom she relied.

The negotiations leading up to the trade occupied
between two and three weeks and were conducted
largely by E. P. McCarthy, brother of Nellie M. Rog-
ers, in the latter's behalf. Plaintiff was in poor health
at that time and for that reason did not visit the land.

On May 1, 1911, the deal was consummated. About June 10, 1911, plaintiff visited the land and found it to be, not as represented by defendants and A. E. Bodimer, but substantially as stated above; the only true representation being the distance of the land from the town of Kelso.

The trial court rescinded the contract and made an equitable adjustment as to rent of the rooming-house and the payments made by defendant Nellie M. Rogers on the mortgage.                          AFFIRMED.

For appellant there was a brief over the name of *Christopherson & Matthews,* with an oral argument by *Mr. Q. L. Matthews.*

For respondent there was a brief over the names of *Mr. Robert A. Miller* and *King & Saxton,* with oral arguments by *Mr. Francis M. Saxton* and *Mr. Miller.*

MR. JUSTICE BEAN delivered the opinion of the court.

It is needless to detail the evidence in the case. It is sufficient to say that the same sustains the claim of plaintiff. That McCarthy misrepresented the facts to plaintiff is not seriously questioned. It clearly appears that McCarthy and Bodimer acted together in the interests of defendant Nellie M. Rogers, and that the three made substantially the same statement to plaintiff in regard to the land. The question is: Can she retain the fruit of such deceit?

1. The actual fact of conspiring may be inferred from circumstances, and the concurring conduct of the defendants need not be directly proved: *State* v. *Lewis,* 51 Or. 467, 469 (94 Pac. 831); *Porter* v. *O'Donovan,* 65 Or. 1 (130 Pac. 393).

2. If the contract was made by McCarthy who, in order to induce plaintiff to make the exchange, made

representations which were known to him to be false and upon which plaintiff relied to her injury, the defendant Nellie M. Rogers, by availing herself of the benefits of the transaction, is bound by the representation whether McCarthy was her appointed agent or not. *Copeland* v. *Tweedle,* 61 Or. 303 (122 Pac. 302); *Williamson* v. *Tyson,* 105 Ala. 644 (17 South. 336, 338).

The doctrine is well established and rests upon sound principles of law that a person who seeks to avail himself of a contract made by another for him, whether by appointment or by a self-constituted agent, is bound by the representations made and the methods employed by the agent to effect a contract. Defendant Nellie M. Rogers cannot ratify a part of the transaction negotiated by McCarthy and repudiate the same in part: *Grover* v. *Hawthorne Estate,* 62 Or. 65 (116 Pac. 100, 121 Pac. 804, and cases there cited); *Elwell* v. *Chamberlin,* 31 N. Y. 611, 619; *Haskell* v. *Starbird,* 152 Mass. 117 (25 N. E. 14, 23 Am. St. Rep. 809); *Busch* v. *Wilcox,* 82 Mich. 336 (47 N. W. 328, 330, 21 Am. St. Rep. 563); *Griswold* v. *Gebbie,* 126 Pa. 353 (17 Atl. 673, 12 Am. St. Rep. 878).

The findings and decree of the trial court were eminently proper, and the decree should be affirmed. It is therefore so ordered.        AFFIRMED.

MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.

MR. CHIEF JUSTICE MCBRIDE did not sit.