[No. 11189.  Department One.  October 8, 1913.]

## C. H. ROBBINS, *Respondent*, v. WYMAN, PARTRIDGE & COMPANY, *Intervener, Appellant*, JAMES FITZGERALD et al., *Defendants*.[1]

VENDOR AND PURCHASER — REMEDIES OF GRANTOR — RESCISSION — FRAUD.  Where a check was given in consideration for a conveyance of land, with the fraudulent intent to stop payment when it was presented, which was done, the grantor may elect to rescind on the ground of fraud, which may be inferred from the subsequent conduct of the grantees.

PLEADING—AMENDMENTS—DEPARTURE.  A complaint against the grantees in a deed for fraud inducing a sale, containing no direct allegation of a specific intent on the part of the grantees to stop payment of their check, given in consideration for the land, and no direct prayer for a cancellation of the deed, may be amended in those respects, under the liberal rule for the allowance of amendments in the furtherance of justice; since the same is not a departure where it merely cured imperfections in the original pleading.

PLEADING—AMENDMENTS—ENLARGING PRAYER—SERVICE.  Objection that an amended complaint asks greater relief against defendants in default than asked in the original complaint, is fully met by service of the amended complaint.

NEW TRIAL—GROUNDS—AMENDED PLEADINGS.  In an equity case, it is not error to refuse a new trial on allowing a trial amendment to the complaint, where appellant was allowed thirty days in which to elect to submit further testimony.

PARTIES—DEFECT OF PARTIES PLAINTIFF—SUBSEQUENT APPEARANCE.  While the wife is a necessary party plaintiff in an action to cancel her deed to community property, the defect of parties does not go to the cause of action, and is cured where she appeared and "joins" with the husband in the complaint, notwithstanding the appearance was irregular in form.

CANCELLATION OF INSTRUMENTS — CONDITIONS PRECEDENT — RETURN OF CONSIDERATION.  Plaintiff's failure to return a check, on which payment was stopped, given in consideration of a conveyance of land, is not fatal to his action to cancel the deed for fraud; since that may be provided for in the judgment.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered December 11, 1912, upon

<hr>

[1] Reported in 135 Pac. 656.

findings in favor of the plaintiff, in an action for rescission. Affirmed.

*Leopold M. Stern* and *J. W. Russell,* for appellant.

*Troy & Sturdevant,* for respondent.

Gose, J.—The controversy here is between the plaintiff and Wyman, Partridge & Company, an intervener. The plaintiff seeks to rescind a sale and transfer of a tract of real estate, situated at Yelm, in Thurston county, in this state, on the ground of fraud. The intervener defends as an attaching creditor of the defendants Fitzgerald, the grantees named in the deed of conveyance. The plaintiff commenced his action and filed a *lis pendens* one day in advance of the levy of the writ. The plaintiff prevailed in the court below. The intervener, who will hereafter be called the appellant, prosecutes this appeal.

The facts in brief are these: On or about the 31st day of May, 1910, the respondent, then a resident of Yelm, purchased a stock of goods from the defendants Fitzgerald, situated at Fullerton, in the state of North Dakota, where the defendants then resided. At or about the same time, the respondent conveyed to the defendants Fitzgerald the tract of land in controversy, for an agreed consideration of $500. The Fitzgeralds, in exchange for the deed, gave the respondent their check upon a local bank at Fullerton for $500 which the respondent forwarded to his wife at Yelm. A few days later, and before the check was presented for payment, the Fitzgeralds directed the bank to refuse payment; and when the check was presented, the bank, in accordance with its instructions, refused to pay it. The plaintiff thereupon commenced this action, alleging certain fraudulent acts on the part of the Fitzgeralds in the sale of the goods in addition to the facts stated. The prayer was both for specific relief and for "such other and further relief as to the court shall seem meet in the premises." The Fitzgeralds conveyed the property to the defendant Eldred, without consideration and

without his knowledge. The summons and complaint were personally served upon all the defendants. After the case had been tried, but before the court reached a decision, an amended complaint and alias summons were personally served upon all the defendants. In the amended complaint, it is alleged that the Fitzgeralds, at the time they gave the check to the respondent, knew that he intended to forward it to his wife at Yelm, in this state, and that they then intended to stop payment of the check and thereby defraud the respondent of his property. The prayer of the amended complaint is that the deed from the respondent to the Fitzgeralds, and the deed from them to Eldred, be set aside and held for naught. In the original complaint, there was no direct allegation of a specific intent on the part of the Fitzgeralds to stop payment of the check at the time they gave it, and there was no direct prayer for a cancellation of the Fitzgerald deed. Before the filing of the amended bill, the respondent's wife filed her appearance in the case. In her appearance, she states that she "joins with him [the plaintiff] in the complaint herein and accepts the result of the action as being binding and conclusive upon her."

The court found that the Fitzgeralds had the specific intent to stop payment of the check at the time they gave it. The argument has taken a wide range in the brief submitted by the appellant, on questions of both fact and law, but we think the facts found by the court are supported by a preponderance of the evidence, and this makes the law of the case simple. The respondent testified pointedly to the exchange of the real estate for the check, and the defendants have confessed their fraudulent intent at the time they gave it, by failing to appear and contest the charge. Moreover, the conduct of the Fitzgeralds subsequent to the giving of the check leads irresistibly to the inference that they had the fraudulent intent at the time they gave it. If they intended to stop payment of the check when they gave it, it being the only consideration for the deed, under the plainest

principles of equity, the respondent may elect to rescind on the ground of fraud. *Hewett v. Dole,* 69 Wash. 163, 124 Pac. 374. Their intent may be inferred from their subsequent conduct. The inference is plain that they knew that the respondent had forwarded the check to this state, and that they stopped payment is not denied.

It is argued, in effect, that the facts pleaded in the amended complaint show a cause of action totally different from that first pleaded. We cannot accept this view. The most that can be said is that the cause of action was imperfectly pleaded in the original complaint and that inconsistent relief was demanded. The office of an amended pleading is to cure any imperfection in the original pleading. It is the policy of the law to be liberal in the allowance of amendments in the furtherance of justice. *International Development Co. v. Clemans,* 59 Wash. 398, 109 Pac. 1034.

It is argued that the relief granted cannot be greater than that demanded in the complaint where the defendant has defaulted. This objection is fully met by the service of the amended complaint.

It is said that the evidence was admitted over the objection of the appellant, and that it demanded and was entitled to have a trial *de novo* after the filing of the amended bill. The evidence upon the phase of the case under review was admitted without objection. Aside from this, the order permitting the filing of the amended bill gave the appellant thirty days in which to elect whether it desired to submit further testimony. It failed to avail itself of this privilege. In an equity case, even where testimony is admitted under objection, it would be folly to require the entire case to be retried after the filing of an amended bill. No good could possibly result from twice submitting the same testimony to the same judge. A new trial is a "re-examination of an issue [of fact] in the same court," after a trial. Rem. & Bal. Code, § 398 (P. C. 81 § 727); *Gibson v. Gibson,* 67 Wash. 474, 122 Pac. 15.

The respondent's wife is a necessary party to the prosecution of the action: Her failure to unite in the complaint presents, however, only a case of a defect of parties plaintiff, and does not go to the cause of action. *Fireman's Fund Ins. Co. v. Oregon R. & Nav. Co.*, 58 Wash. 332, 108 Pac. 770. Her appearance, while irregular in form, cured this defect. *Davis v. Seattle*, 37 Wash. 223, 79 Pac. 784. In the *Fireman's Fund Ins. Co.* case, the court said:

"The appellant argues that, when the complaint discloses that all the parties in interest have not united as plaintiffs, a cause of action is not stated. We think it would present a case of defect of parties plaintiff."

The respondent did not return, or offer to return, the check, and it is argued that this is fatal to a right of recovery. This can be taken care of in the judgment. The case will be remanded with directions to hold the judgment in abeyance until the respondent has either cancelled the check and filed it in the court below, or has executed and filed a release of any claim arising out of the check. *Colpe v. Lindblom*, 57 Wash. 106, 106 Pac. 634.

The respondent will recover costs.

Crow, C. J., Chadwick, Mount, and Parker, JJ., concur.