Submitted on briefs September 2, decided November 20, rehearing denied December 30, 1913.

## OWEN v. JONES.

(136 Pac. 332.)

**Principal and Agent—Wrongful Acts of Agent—Misrepresentations.**

1. Where an agent offering a leasehold interest in exchange made false representations as to its condition and income, the principal, by availing himself of the benefits of the transaction, is bound by such representations, whether he authorized them or not, since he could not ratify the transaction in part and repudiate it in part.

**Exchange of Property—Rescission—Return of Consideration.** ˙

2. In a suit in equity to rescind a contract for the exchange of property on the ground of fraud, it was not necessary for plaintiff before suit to return or offer to return the consideration received; but it was enough if he alleged a willingness and ability to place the defendant *in statu quo*, so that the court could protect the rights of the defendant by decreeing a restoration in consideration of the rescission.

From Multnomah: HENRY E. McGINN, Judge.

En Banc.    Statement by MR. JUSTICE BEAN.

This is a suit in equity by Edith Owen against Minerva A. Jones and C. M. Jones, her husband, to rescind a contract whereby certain real property owned by plaintiff was, on the ninth day of April, 1912, deeded to defendant Minerva A. Jones in exchange

for a certain lease of an apartment house at 927 Union
Avenue, Portland, Oregon, for the term of five years,
from September 1, 1911, together with the furniture
therein.    From a decree in favor of plaintiff, defend-
ants appeal.

The plaintiff alleged in her complaint that she was
induced to make the transfer of the property by rea-
son of the false and fraudulent representations made
to her by the defendant Minerva A. Jones and her
agent, O. J. Brooks, to the effect that the rent payable
under the lease was $108 per month, when in truth
and in fact it was $130 per month; that all the apart-
ments were occupied, and were furnished alike, and
that defendant owned all the said furnishings; that the
cost of heating the house would average $10 per month,
whereas, the same would run as high as $65 per month,
and the furnishings in a number of the apartments
did not belong to the defendant Minerva A. Jones, but
were the property of the tenants.    The complaint
alleged that O. J. Brooks was the agent of defendant
Minerva A. Jones, with whom plaintiff had various
conferences concerning the transaction; that plain-
tiff was shown two or three apartments, but that she
was unable to see them all for the reason that defend-
ant told her that the tenants were out, or that they did
not wish to be bothered; that the plaintiff was un-
familiar with the conduct of apartment houses, and
had no knowledge thereof, and relied upon the repre-
sentations made by the defendant Minerva A. Jones.
Plaintiff offers to reassign the lease, and return all
the consideration she received in such exchange.

Defendants filed an answer, in which, as a further
and separate defense, they alleged that O. J. Brooks
was a real estate broker of Portland, Oregon, who
made the first proposition of the exchange as the agent
of plaintiff, and brought the latter and defendants
together; that all the negotiations for the exchange

of the properties were thereafter made between such parties; that the sale was consummated after the plaintiff had made a personal inspection of the apartment house and the terms and conditions of the lease, and after she had been furnished with an itemized list of all the furnishings contained in the apartment house, and the sale and transfer; that the plaintiff had full knowledge of what property and furniture were being conveyed to her, of the terms and conditions of the lease, of the apartments and number of persons occupying the same, and of all matters connected with the operation of the house; that she relied upon her own inspection and investigation, and not upon the representations made by defendants; and that she ought to be estopped from claiming that she did not have such knowledge.

Plaintiff, by her reply, denied the new matter set out in the answer. There was a mortgage of $1,100, and a street lien of $86, upon the house and lot conveyed by plaintiff, which defendant Minerva A. Jones assumed and agreed to pay, and plaintiff executed in favor of such defendant notes and a mortgage on the furniture in the apartment house for these sums, after deducting $125 for furniture sold defendant Minerva A. Jones. Upon the consummation of the sale April 16, 1912, both the plaintiff and the defendants entered into possession of the respective properties, and on the 15th of May, 1912, plaintiff commenced this suit to rescind the contract.　　　AFFIRMED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).

For appellants there was a brief over the name of *Messrs. Manning & White.*

For respondent there was a brief over the names of *Mr. Allan R. Joy* and *Mr. Wilson T. Hume.*

MR. JUSTICE BEAN delivered the opinion of the court.

The evidence shows, and the trial court found, in effect, that the material allegations of the complaint were, in substance, sustained by the evidence, and that O. J. Brooks was not the agent of plaintiff as alleged in defendants' answer, but was the agent of defendant Minerva A. Jones, whom she agreed to pay $100 as commission; that defendant largely through her agent represented to plaintiff and gave figures showing that the income of the apartment house and the expenses were such that the plaintiff could make a payment of $40 per month upon the mortgage given by plaintiff to defendant Minerva A. Jones upon the furniture, with $56 net profit remaining. It appears that plaintiff was unaccustomed to that kind of business, and that she had had former dealings with O. J. Brooks, and was induced to and did believe and rely upon his representations, but that the ordinary expenses of the apartment house were such that after paying the same there was practically nothing left; that the lease was of no value to her; that, if the contract is not rescinded, plaintiff will receive practically nothing for her home and lot.

The cost of heating the apartment house was a material item, and defendant Minerva A. Jones and her agent, O. J. Brooks, both testified that they did not represent that the average cost thereof did not exceed $10 per month. As to the contrary, the plaintiff is strongly corroborated by other witnesses that Brooks made the statement that the house could be heated for $10 per month, and made an argument to substantiate the statement, and in a general way painted the transaction with a roseate hue to Mrs. Owen, who was credulous, did not appear to understand figures, and believed his statements, but soon after entering into possession of the property found to the contrary. It

appears that, according to the lease, after the first two years the rent would be $130, instead of $108 per month; that, when Mrs. Owen requested to examine the lease, defendant Minerva A. Jones stated that Mr. Brooks had it, and upon a like request to Mr. Brooks, the manipulator, the latter stated that an attorney had it. It also appears that Mr. Brooks was very careful that Mrs. Owen did not see the lease until after the deed to defendant Minerva A. Jones, and the bill of sale, and assignment of the lease to plaintiff were executed. Mrs. Owen states that she would not have made the trade had she known of this stipulation in the lease.

1. Mrs. Jones seeks to evade the responsibility of the misrepresentations made by Mr. Brooks. He being shown to be her agent in the transaction, she cannot escape the consequences of his acts, whether she authorized the same or not. By availing herself of the benefits of the transaction, she is bound by the representations made and the methods employed by her agent to effect the contract. She is precluded from ratifying a part thereof, and repudiating the same in part: *Copeland* v. *Tweedle,* 61 Or. 303 (122 Pac. 302); *Wilson* v. *McCarthy,* 66 Or. 498 (134 Pac. 1189); *Elwell* v. *Chamberlain,* 31 N. Y. 611, 619; *Haskell* v. *Starbird,* 152 Mass. 117 (25 N. E. 14, 23 Am. St. Rep. 809).

2. It is contended by counsel for defendants that the plaintiff's complaint is insufficient, in that it does not show that prior to the commencement of this suit plaintiff offered to return the property received by her. In a suit in equity to rescind a contract voidable for fraud, it is not necessary for plaintiff to return or offer to return before suit the consideration received; but it is enough if the plaintiff alleges a willingness and ability to place the defendant *in statu quo,* and the court can protect the rights of defendant

by decreeing a restoration in consideration of the rescission. This the trial court did in the case at bar: *Crossen* v. *Murphy,* 31 Or. 114 (49 Pac. 858); *Hoyt* v. *Jaques,* 129 Mass. 286. In the former case, at page 122 of 31 Or. (at page 860 of 49 Pac.), of the opinion, Mr. Chief Justice MOORE said: "The maxim that 'he who seeks equity must do equity' is evidently not violated by the failure of the plaintiff, in a suit to rescind a contract for fraud, to allege a restoration of, or an offer to return, the consideration, or a willingness even to do so, for by his application to the court for equitable redress he concedes that before it will be awarded he must do equity, which will compel him to account for everything of value he may have received, thereby tacitly inviting the court to protect the rights of the defendant by decreeing a restoration in consideration of the rescission."

The plaintiff has in no way ratified the contract involved. She acted promptly in bringing this suit to accomplish a rescission.

The decree of the lower court was right, and it is affirmed.                                    AFFIRMED.

---

Argued November 13, decided December 2, rehearing denied December 30, 1913.