[No. 14383. Department Two. May 7, 1918.]

## W. L. TYNER, *Respondent*, v. S. S. STULTS *et al.*, *Appellants.*[1]

VENDOR AND PURCHASER — RESCISSION — CONDITION PRECEDENT — TENDER. An action for rescission will not fail because of failure of the plaintiff to tender a repayment, where the complaint alleged such tender and the status quo was preserved; since a court of equity may impose equitable terms as a condition of relief.

MORTGAGES — REMEDIES OF ASSIGNEE — RESCISSION — FRAUD. The sale of a note and mortgage may be rescinded by the purchaser for fraud where he asked for and received assurance that the security was ample, relying on false representations inducing the sale.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered October 20, 1916, in favor of the plaintiff, in an action for rescission, tried to the court. Affirmed.

*Corbin & Easton,* for appellants.
*Cooley, Horan & Mulvihill,* for respondent.

CHADWICK, J.—This action was brought by respondent to rescind a contract for the exchange of certain properties.

After some preliminary negotiations, appellants agreed to trade a house and lot then owned by them in the city of Everett and valued at $2,200, the consideration being $625, to be paid in cash and real estate, upon which there was then due $215, and a first mortgage upon forty acres of land for $1,340. Respondent sought

[1]Reported in 172 Pac. 850.

the trade in answer to an advertisement which reads as follows:

"A gilt-edge $1,300 first mortgage to trade for residence property in Everett. See Ward S. Bowman, 412 Colby."

One payment of interest was made upon the mortgage. A payment of $340, and interest amounting to $53.60, became due on June 20, 1916. This was not forthcoming. Respondent went over to Island county, where the land covered by the mortgage was situate and the mortgagor resided. He demanded payment. The mortgagor being unable to pay, the respondent looked over the security for the first time. He found the land to be denuded of timber. The land is worth, accordingly as we read the testimony, approximately $1,000, but there is no market for such land. This action was brought very soon thereafter. No demand was made upon appellants for a rescission, and no tender of repayment or offer to reassign the securities was made, although it is alleged in the complaint that these things were done. Respondent bases his right to rescind upon the alleged misrepresentation of the appellants and their agent as to the character of the land covered by the mortgage.

It is not contended that any inquiry was made as to the financial responsibility of the makers of the mortgage. It is insisted by respondent and his wife, who was a witness, that the agent of appellants, as well as appellant S. S. Stults, represented that the land was covered with merchantable timber which was not to be removed until the mortgage was paid; that respondent told the parties that he was busy painting a house and would be unable to go and see the security; and that, having faith in their representations and in them, they knowing of his inability to determine the value of the

security for himself at that time, he made the trade which he now seeks to rescind.

At the trial, respondent, through his counsel, was invited to say that he was now in position to convey back all the property he had received from appellants; and also that he could convey back all that he had received, "if the court should grant a decree of rescission."

We are satisfied that respondent bought the mortgage believing that the land was covered with merchantable timber, and that it was of sufficient value to make the security "gilt-edged," which means, no doubt, convertible or payable on demand. But appellants have contended from the beginning, and now contend, that no action can be maintained without proof of a previous tender, and that the decree of the court that a rescission be had, if respondent shall within ten days put appellants *in statu quo,* does not meet the demands of the law. The position of counsel is sustained by ample authority, but we have heretofore followed after those cases which hold that it is within the power of the court to protect all the rights of the parties by its decree, and that a previous tender, or offer to rescind, is not necessary under a state of facts such as we have before us. We said in *Snarski v. Washington State Colonization Co.,* 53 Wash. 221, 101 Pac. 839, quoting from 24 Am. & Eng. Ency. Law (2d ed.), p. 621:

"Whether the complaint in a suit for rescission must, as a condition precedent to relief, have offered or tendered restitution to the defendant prior to the bringing of the suit, is a matter upon which the authorities are conflicting. The rule of the better considered cases is, that it is sufficient that the plaintiff make his offer to restore or to do equity, in his bill or complaint, and shows therein that he has substantially preserved the *status quo* on his part so as to be able to fulfill his offer.

This rule proceeds upon the principle that it is always within the power of a court of equity to require that the person invoking its aid shall submit to equitable terms as a condition of relief, and that the parties being properly before the court, the court may impose upon them any terms which may be just and equitable in the premises, and may enforce compliance therewith.''

See, also, *Colpe v. Lindblom,* 57 Wash. 106, 106 Pac. 634; *Angel v. Columbia Canal Co.,* 69 Wash. 550, 125 Pac. 766; *Robbins v. Wyman, Partridge & Co.,* 75 Wash. 617, 135 Pac. 656; *Odell v. Burnham,* 61 Wis. 562, 21 N. W. 635; *Owen v. Jones,* 68 Ore. 311, 136 Pac. 332; *Gamblin v. Dickson,* 18 Idaho 734, 112 Pac. 213; *Knappen v. Freeman,* 47 Minn. 491, 50 N. W. 533.

It is the contention of the appellants, however, that the rule of *caveat emptor* applies, and many of our decisions are cited. Respondent, on the other hand, cites quite as many cases to sustain his contention that courts will grant rescission where an owner of land has been deprived of it through the fraudulent misrepresentations of the vendee. We think none of the cases cited is strictly in point for either side.

Appellants did not sell, and respondent did not buy, a 40-acre tract of land, the condition and value of which he might have looked up before the trade was consummated. The thing bought was the note of a third party and a mortgage theretofore made to secure it. The demand of the law that one who buys shall take reasonable precaution to defend himself is satisfied when respondent asked for and received assurance that the security was ample so as to make the note good for the balance of the purchase price of the house and lot. We are not prepared to say that the facts found by the trial judge are not sustained by a preponderance of the evidence, and therefore affirm the judgment. Remanded with instructions to take an accounting of ac-

crued rents and taxes and to enter a decree accordingly.

ELLIS, C. J., MOUNT, MAIN, and HOLCOMB, JJ., concur.