[No. 17091.  Department One.  September 11, 1922.]

L. KRACKE *et al., Respondents,* v. MICHAEL COHEN *et al.,*
*Appellants.*[1]

SALES (52, 58)—RESCISSION BY BUYER—RIGHT TO RESCIND—ESTOP-
PEL OR WAIVER—DEFAULT IN PAYMENTS.  A contract for the sale of a
theatre business does not become forfeited by failure to pay a note
for an instalment of the purchase price, without some affirmative
action by the seller.

SAME (52, 58)—FORFEITURE OF LEASE.  A contract for the sale of
a business induced by fraud may be rescinded by the purchaser al-
though in default in the payment of an instalment due, where the
default in no way changed the relations of the parties; and non-
payment of rent of leased premises and forfeiture of the lease there-
for is not such a change in relations as to prevent rescission, where
notice of rescission was given before forfeiture of the lease in time
to enable the seller to protect himself.

Cross-appeals from a judgment of the superior court
for King county, Griffiths, J., entered October 31, 1921,
upon findings in favor of the plaintiffs, in an action for
rescission, tried to the court.  Affirmed.

*John F. Dore,* for appellants.
*James R. Chambers,* for respondents.

FULLERTON, J.—On February 15, 1921, the appellants
Cohen and Danz contracted to sell to the respondents
Kracke and Jacobsen a moving picture business known
as the "Little Theatre," with its fixtures and good will,
situated in the city of Seattle, evidencing the contract
by a conditional bill of sale.  As a consideration for
the sale, the respondents paid to the appellants the
sum of $3,000 in cash, and executed to them their
promissory notes, payable on different dates, aggre-
gating the sum of $6,166.68, and conveyed to them a

[1]Reported in 208 Pac. 1100.

tract of land situated in King county; the total of the purchase price aggregating $18,000.

At the time the contract was entered into, and as an inducement thereto, the appellants made certain definite representations as to the amount of business the theatre was doing, representations as to the expense of operating it, and as to other matters, the whole tending to show that it had been for a long time, and was then, making a reasonable profit. When the respondents took possession of the property and began to operate it, they discovered that these representations were untrue, and, conceiving that they had been defrauded, sought an adjustment, and later began the present suit to rescind the contract. The trial, which was somewhat extended, resulted in a decree of rescission, and it is from this decree that the appeal is prosecuted.

The appellants make no contention on the question of the sufficiency of the evidence to justify the findings of the court with relation to the fraudulent nature of the transaction, but contend that the suit should have been dismissed because of errors claimed to have been committed by the court.

After the respondents had reached the conviction that they had been defrauded, they sought, as we have said, to adjust the matter with the appellants out of court, and negotiations to that end were carried on for a considerable period of time. In the meantime one of the notes given as part of the purchase price fell due, and three days later, having failed in their efforts to procure an adjustment, the respondents gave a formal notice of rescission preparatory to the commencement of the present suit. The appellants, when these facts appeared in the evidence, moved for a dismissal. This

motion the court denied, and its ruling in so doing constitutes the basis for the first error assigned.

The appellants, in support of the claim of error, invoke the principle that the right to rescind belongs only to the party who is himself without default, and argue that, since the notice of rescission was served after the default in the payment of the note, it came too late. But if the principle contended for has application to cases of this sort, we are clear that it is without applicability to the particular case. The contract did not become forfeited by the mere failure to pay the note. To accomplish this some affirmative action on the part of the appellants was necessary, and no such action was taken. *Kuehl v. Scott*, 66 Wash. 318, 119 Pac. 742. But perhaps the conclusive answer is that a contract induced by fraud is in no way binding upon the party defrauded, and he is not bound to perform any part of it in order to be entitled to rescind. This principle is, of course, subject to exceptions, as in the case where the default on the part of the defrauded party so far changes the relations of the parties that a return to the *status quo* is impossible, but no such condition is presented here. The relations of the parties were in no manner changed by the default. Nor were the appellants injured thereby. Had the note been paid at its maturity the respondents, instead of recovering a return of the note, would have recovered the amount paid thereon. The difference would have been in the form of the recovery, not in the amount thereof. For cases bearing on the general question, see *Payne v. Lindsey Co.*, 71 Wash. 293, 128 Pac. 678; *Tyner v. Stults*, 102 Wash. 168, 172 Pac. 850.

The theatre was conducted on leased premises calling for the payment of a fixed monthly rent. An instalment of the rent became due while the respondents

were in possession of the premises and was not paid by them. The appellants claim that this likewise is such a failure to perform as to prevent a rescission. But the answer to this contention can rest upon the answer given to the objection just discussed. It is true that the landlord finally forfeited the lease for nonpayment of rent, but this was done after the notice of rescission was given, and after the landlord had notified the appellants of the nonpayment of the rent and had given them an opportunity to pay it. It was thus within the power of the appellants to protect themselves, and they cannot now be heard to say that they have suffered a loss of the lease because of the respondents' action.

The other assignments relate to matters thought to require a new trial. The court required the appellants to produce copies of their income tax returns made to the Federal government which purported to show the income from the theatre immediately prior to its sale to the respondents. It is contended that these returns were inadmissible, that the evidence concerning them is so interwoven with other testimony as to be impossible of segregation, and that without such testimony no cause for rescission was proven. Whether it was error to require the production of these papers we shall not determine. We find no such difficulty with the evidence as the appellants suggest, but do find that if these and all the oral testimony with reference thereto be excluded, the evidence preponderates in favor of the decree.

The plaintiffs, whom we have heretofore for convenience of reference denominated the respondents, have appealed from so much of the decree as disallows certain items of claimed damage which they sought to have included therein. But this claim of error we think requires no special discussion. While the ground

of the court's decision excluding the items is not stated, the decision can rest on the ground that they were not sufficiently proven.

The decree is affirmed.

PARKER, C. J., MITCHELL, BRIDGES, and TOLMAN, JJ., concur.