# G. P. WILLIAMS, Appellant, *v*. SHELDON W. LAMB, Respondent.

No. 4380

May 17, 1961                                   361 P.2d 946

*Maurice J. Sullivan,* of Reno, for Appellant.

*Streeter and Sala,* of Reno, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

This is a replevin action to recover possession of an Oliver tractor alleged to be of the value of $10,000. Respondent denies the allegation of ownership and by way of counterclaim he alleges that prior to June 3, 1958 he was the owner of said tractor and that due to the fraud of appellant, he was induced to part with the title of said tractor in exchange for 25,000 shares of worthless corporation stock; that upon his discovery of the fraud, he rescinded the sale and took possession of the tractor. For a second counterclaim respondent alleged that he agreed to sell the tractor to appellant for $25,000, payable within 30 days, and that the sum of $25,000 was never paid. Appellant's reply denies the matters contained in the counterclaims.

After a trial before the court without a jury, the court formally found that respondent was the owner of the tractor; that the value of the same was $19,000; that in order to induce respondent to sell said tractor, appellant in connection with other misrepresentations falsely and fraudulently stated to respondent that the corporate stock mentioned above would have a ready market value of at least $1 a share within 30 to 90 days; that said stock in fact was worthless and known by appellant at the time to be worthless; that appellant intended to transfer his personal stock as distinguished from stock held by the corporation to respondent in exchange for title to the tractor so that the tractor would become his personal property and not the property of the corporation, and he did this thereafter in his capacity as secretary of the corporation; that appellant had represented to respondent that ownership of the tractor by the corporation would necessarily increase the corporation assets and enhance the value of the corporate stock; that after discovery of the fraud, respondent rescinded the sale and took possession of the tractor and has been willing ever since to return the 25,000 corporation shares to appellant; that since October 6, 1959, by virtue of the provisional remedy of claim and delivery, the sheriff took possession of said tractor from

respondent and respondent has been deprived of possession of the same for a period of 9 months and 21 days; and that the rental value of said tractor as admitted by both parties in the pleading is the sum of $1,000 per month.

Based on said findings, the trial court entered judgment rescinding the sale and ordering appellant to return the tractor to respondent or pay respondent the sum of $19,000. It was further ordered therein that appellant pay respondent the sum of $9,966.66, being the rental value of said tractor, and the said 25,000 shares of corporate stock theretofore deposited with the court were ordered returned to appellant. Appeal is from said judgment.

Errors assigned are: (1) in finding that appellant fraudulently induced respondent to sell the tractor; (2) in finding that respondent rescinded the sale in view of the fact that respondent did not return or tender the stock at the time he took possession of the tractor; (3) in finding that appellant warranted and guaranteed the stock; (4) in finding that the stock was worthless; and (5) in awarding damages in the sum of $9,966.66 to respondent.

Errors 1, 3, and 4 above pertain purely to factual matters and the testimony of respondent alone, which substantiates such findings, is sufficient to sustain them although other evidence in the record corroborates respondent's testimony. Nevertheless appellant argues that the judgment should be reversed because such evidence was not "sufficient," by reason of evidence to the contrary, to sustain the judgment. Upon conflicting evidence, if there is any substantial evidence to support the judgment, it will not be disturbed on appeal. Barreth v. Reno Bus Lines, 77 Nev. 196, 360 P.2d 1037.

With respect to assigned error 2, the evidence shows that respondent in May 1959 when he took possession of the tractor did not return or offer to return the stock certificate which represented the 25,000 corporate shares. In view of the trial court's finding that the stock was worthless it was unnecessary for the respondent

in seeking rescission by taking possession of the tractor to restore or offer to restore any valueless consideration. Schlake v. McConnell, 83 Cal.App. 725, 257 P. 175. Furthermore, when appellant commenced this action for replevin, respondent had the right to set up rescission as a defense thereto which he in fact did in his answer, and at that time he offered to return the stock to appellant. At the trial he deposited the stock certificate in court. This in itself constitutes a sufficient tender. Tyner v. Stults, 102 Wash. 168, 172 P. 850. The fact that he alleged in such pleading a rescission already accomplished does not change the nature of such defense. Ito v. Watanabe, 213 Cal. 487, 2 P.2d 799.

Appellant's argument in support of his fifth assigned error relates to the award of damages to respondent for the rental value of the tractor in the absence of evidence to support such award.

Appellant alleged in his complaint herein that the rental value of the tractor is $1,000 per month. This allegation was admitted by respondent in his answer. Likewise in his first counterclaim respondent alleged that the rental value of the tractor was $1,000 per month and appellant in answer thereto expressly admits this allegation.

Allegations in pleadings admitted by an adversary need no evidence to support the court's finding of their truth. Boydstun v. Jacobs, 38 Nev. 175, 147 P. 447; Frances-Mohawk v. McKay, 37 Nev. 191, 141 P. 456.

Appellant does not question the power of the trial court to award damages for the use value of property during the period a person who is entitled to its possession has wrongfully been deprived thereof. Rental value may be a proper basis in determining the value of use. Giannini v. Wilson, 43 N.M. 460, 95 P.2d 209; Stanley W. Smith, Inc., v. Pilgrim, 117 Cal.App. 244, 3 P.2d 573.

There being no merit in any of the assignments of error, the judgment must be and is hereby affirmed.

PIKE, J., concurs.

Chief Justice BADT did not participate in the consideration or determination of this appeal, and both parties stipulated to the submission of the appeal to Justices PIKE and MCNAMEE.