[No. 1879.  Decided January 22, 1896.]

Sweet, Dempster & Co., *Appellant*, v. W. F. Dillon, *Defendant*, Elizabeth Dillon, *Respondent*.

HUSBAND AND WIFE—COMMUNITY CONTRACTS OF HUSBAND—LIABILITY
OF WIFE'S SEPARATE PROPERTY.

The separate property of the wife is not liable for the community debts contracted by the husband in a business carried on by him for the benefit of the community.

Appeal from Superior Court, Cowlitz County.—Hon. A. L. Miller, Judge.  Affirmed.

*J. B. Thompson*, and *W. F. Magill*, for appellant.

*Thomas N. Strong*, and *E. W. Ross*, for respondent.

The opinion of the court was delivered by

Scott, J.—The defendants Dillon were during all the times hereinafter mentioned husband and wife, and the defendant W. F. Dillon was engaged in the mercantile business in this state, and while so engaged became indebted to the plaintiffs for goods purchased of them in carrying on said business.  Thereafter the plaintiffs brought suit against the defendants to recover a balance due for the goods sold.

The only ground of liability alleged against respondent Elizabeth Dillon, and the one upon which the plaintiff's claim against her is based, is because of her being the wife of the other defendant, and it is contended that because the business conducted by W. F. Dillon was conducted for the benefit of the community, plaintiffs were entitled to a judgment against both of the defendants for the amount of their claim. W. F. Dillon did not appear in the action, and a judgment was rendered against him by default.  Elizabeth

Dillon appeared and defended, and the judgment of the court was that the plaintiff's claim might be enforced against the community property of the defendants, and against the separate property of W. F. Dillon, but that the plaintiffs were not entitled to a personal judgment against the respondent wife.

This is the first time that this precise point has been presented to this court for adjudication, although the appellant contends that certain other cases heretofore decided by this court sustain their claim in this appeal; but without considering those cases in detail, we are of the opinion that none of them bear strongly upon the point in controversy here, and are furthermore of the opinion that the plaintiff was not entitled to a personal judgment against the respondent, Elizabeth Dillon. It is true, the business carried on by the husband was a community business, and the liabilities incurred therein were properly charged against the community, and inasmuch as he was the controlling and contracting party, might also be a charge upon his separate estate; but this is as far as the law goes, in our opinion. The wife here was a non-contracting party, the business was transacted by the husband, she had no control over it, and it would be contrary to the spirit of the law to hold her separate estate liable for his contracts, whether incurred for the benefit of his separate estate or for the community.

The judgment of the superior court is affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.