[No 2392.   Decided November 30, 1896.]

MARGARET E. F. A. GOODFELLOW, *Respondent*, v. W. H. LEMAY *et al.*, *Appellants.*

GIFT BY HUSBAND TO WIFE OF COMMUNITY LAND — LIABILITY FOR COMMUNITY DEBTS.

Where land has been conveyed by a husband to his wife by a deed reciting that the land is " to be held to her separate use," such land, when the transfer has not been made in fraud of creditors, becomes the separate property of the wife, and is not liable for community debts, which have not been contracted for expenses of the family or for the education of the children.

The fact that the wife was not present at the time of the execution of a deed of lands to her by her husband and was not consulted in regard thereto, would not affect its character as vesting a separate title in her, where she has accepted the deed, and it has not been made in fraud of existing creditors.

The recital in a deed by a husband to his wife that the lands con-
veyed were "to be held to her separate use," thus in effect *constitut-
ing* a gift to her, cannot be affected by the parol testimony of the
husband that his purpose was to make provision for her and the
family against possible reverses.

Appeal from Superior Court, King County.—Hon.
J. W. LANGLEY, Judge.   Affirmed.

*J. T. Ronald*, for appellants.

*Strudwick & Peters*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—The appellants recovered a judgment
against one Baxter and one Goodfellow, who was the
husband of the respondent.   An execution was issued
upon the judgment and levied upon certain lands as
the community property of respondent and her hus-
band, and this action was brought to restrain the sale
of said lands on the ground of their being the sepa-
rate property of the respondent.   The judgment hav-
ing been rendered in her favor, this appeal was taken.

There seems to be no contention over the facts in
the case.   It appears that the lands had been purchased
by the respondent's husband of one Leary, and a deed
taken in the husband's name, and that in January,
1885, for the purpose of making a gift of said lands
to his wife, the husband re-deeded the same to Leary
and Leary deeded them to the respondent, the deed
reciting that the lands were "to be held to her sepa-
rate use."

It is contended that the husband's testimony,.as to
his purpose in causing the lands in question to be con-
veyed to his wife, to the effect that he desired to make
provision for her and the family against possible re-
verses, shows that the same was not intended as a gift

to her; but this, if material, could not control as against the expressed intention of the deed. Nor would the fact that the wife was not present when the deed was executed and was not consulted with regard to the transaction affect it; for the deed was made and accepted by her several years before the debt to the appellants was contracted. Consequently they could not be heard to question it. But, aside from this, there was no proof of any fraudulent purpose or intention upon the part of the husband or his wife as against any one. We think the law, as applied to the conceded facts, clearly shows that the respondent was entitled to the relief given her.

The appellants have asked us to re-examine the question as to the liability of the separate property of the wife for community debts. We have done so to the extent of considering the argument advanced thereon by the appellants, and are satisfied with the position heretofore taken by us. It is not contended that the debt was contracted for expenses of the family or for the education of the children, so as to be chargeable to her separate property under § 1414 of the General Statutes.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.