[No. 14447. Department One. March 15, 1918.]

C. E. McLEAN, *Respondent,* v. BERTHA BURGINGER, *Appellant,* PATRICK O'TOOLE, *Defendant.*[1]

HUSBAND AND WIFE—COMMUNITY DEBTS—LOAN. Notes signed by the husband alone for money borrowed for the benefit of the community, are obligations of the community.

SAME—COMMUNITY DEBTS—JOINT JUDGMENT. A joint judgment against a divorced husband and wife for a community debt incurred by the husband is erroneous, in that it affects the separate estate of the wife.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 1, 1917, upon findings in favor of the plaintiff, in an action on promissory notes, tried to the court. Reversed.

*Walter B. Allen,* for appellant.
*Eugene A. Childe,* for respondent.

WEBSTER, J.—This action was brought by respondent to recover a judgment against Patrick O'Toole and the appellant, his former wife, for the amount of four certain promissory notes executed by the husband alone during the existence of the marriage relation, which was thereafter and before the commencement of this action dissolved by decree of divorce. The cause was tried before the court without a jury, and findings made in plaintiff's favor, upon which the court rendered a joint judgment against both defendants and a several judgment against defendant Patrick O'Toole. The defendant Bertha Burginger has appealed, assigning as error the finding that the debts evidenced by the notes were community obligations, and the entry of the joint judgment.

[1]Reported in 171 Pac. 518.

From the record it appears that the notes were given for loans made by respondent to Patrick O'Toole for the benefit of the community. There was no evidence to the contrary. The finding, therefore, that the notes were community obligations was the only one the court could make.

The second assignment of error is well taken. The judgment as rendered was a joint judgment against appellant and her former husband, Patrick O'Toole, and, as such, could be satisfied out of the separate property of either of them. 23 Cyc. 1103, 15 R. C. L. 804.

It is well settled in this state that neither the wife, personally, nor her separate estate is liable for the payment of community debts contracted by the hus-. band. Upon the dissolution of the community by divorce, the common property awarded to the parties is subject to the payment of community debts. If not disposed of by the decree, the common property passes to the former spouses as tenants in common, likewise subject to the satisfaction of community obligations. In neither event, however, does the divorced wife or her separate estate become liable for community obligations contracted solely by the husband. Such obligations must thereafter be satisfied out of the same property or fund against which the creditor would have had the right to proceed during the existence of the community. Judge Ballinger in his work on Community Property, at § 120, states the rule in this language:

"As heretofore stated, the debts of the community are likewise the husband's debts. All debts contracted by him he is liable to pay, not only from the community estate, but also from his separate property, and is subject to be sued therefor both before and after the dissolution of the community. These debts are his debts, but are not ordinarily the debts of the wife, except in

the sense that her interest in the community is burdened with the liability for their payment. . . . The separate estate of a wife by mere operation of law can never be made liable for community debts, while both the community estate and the separate estate of the husband will be liable for any debt he may contract."

In *Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777, Judge Rudkin said:

"It is not seriously contended on this appeal, nor could it be successfully contended, that the original judgment against the wife was authorized or proper, for in an action on a promissory note executed by the husband alone the utmost relief the plaintiff is entitled to, as against the wife, is a judgment establishing the community character of the indebtedness."

To the same effect are the following: *Clough v. Monroe,* 86 Wash. 507, 150 Pac. 1190; *Bimrose v. Matthews,* 78 Wash. 32, 138 Pac. 319; *Bird v. Steele,* 74 Wash. 68, 132 Pac. 724; *White v. Ratliff,* 61 Wash. 383, 112 Pac. 502; *Philips & Co. v. Langlow,* 55 Wash. 385, 104 Pac. 610; *Freundt v. Hahn,* 28 Wash. 117, 68 Pac. 184; *Goodfellow v. Le May,* 15 Wash. 684, 47 Pac. 25; *Sweet, Dempster & Co. v. Dillon,* 13 Wash. 521, 43 Pac. 637; *Ambrose v. Moore,* 46 Wash. 463, 90 Pac. 588, 11 L. R. A. (N. S.) 103; McKay, Community Property, § 413.

The judgment appealed from, so far as it affects the appellant, Bertha Burginger, is reversed, and the cause remanded with directions to enter a judgment adjudicating the community character of the indebtedness, and providing that the joint and several judgment rendered against the defendant Patrick O'Toole may be satisfied out of any common property owned by him and appellant and which constituted community property prior to the dissolution of the marriage, and also out of such of the community property, if any,

as was awarded the former spouses, or either of them, by the divorce decree which is otherwise subject to execution.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.