[No. 16932. Department Two. March 17, 1922.]

GEO. MILLER *et al.*, *Respondents*, v. FRANK A. SMITH *et al.*, *Appellants.*[1]

PARTIES (42-1)—PLEADINGS (110)—AMENDMENT BRINGING IN NEW PARTIES. In an action for breach of covenant, it is not error to allow a trial amendment bringing in the wives of the defendants, where there was no prejudice and no surprise claimed or continuance asked.

JUDGMENT (219)—BAR—DISTINCT CAUSES. A judgment dismissing an action of unlawful detainer for vendors' failure to deliver possession of land upon which there was a growing crop is not *res adjudicata* or a bar to an action by the vendee for breach of covenant for loss of the crop removed by vendors' tenant.

DEEDS (19-1)—PRINCIPAL AND AGENT (63)—ACCEPTANCE OF BENEFITS—DELIVERY—RATIFICATION. Where a bank, acting as vendors' agent, delivered a deed on payment of the price, without securing execution of a contract allowing vendors to remove a crop, contrary to its instructions, vendors' acceptance of the price with knowledge of the facts ratifies the delivery of the deed.

ESCROWS (1)—NATURE AND REQUISITES. A bank holding a deed as agent of the vendors for delivery and collection of the price is not an escrow holder, so as to invalidate a delivery made contrary to instructions, without performance of a condition precedent.

ACTIONS (14)—FORM—CONTRACT OR TORT. The distinction between forms of action having been abolished, an action for the loss

[1]Reported in 205 Pac. 386.

of a crop wrongfully removed by defendants' tenant, after defendants' sale to plaintiff, is susceptible of interpretation as one for breach of covenant; and will therefore not be dismissed as one in tort for conversion for failure to join the tenant.

VENDOR AND PURCHASER (127)—RIGHTS AND LIABILITIES—BONA FIDE PURCHASERS—POSSESSION. Purchasers of premises become the owner of a growing crop thereon, as against a tenant under an unrecorded lease, as bona fide purchasers, where they had no notice of the lease or of any rights of the tenant.

PLEADINGS (104)—AMENDMENTS—TO CONFORM TO PROOF. Damages in excess of the amount claimed may be allowed under an amendment to conform to the proof, where evidence thereof was received without objection.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered July 14, 1921, upon findings in favor of the plaintiffs, in an action for conversion, tried to the court. Affirmed.

*Louis A. Merrick,* for appellants.

*Coleman & Fogarty* and *W. P. Bell,* for respondents.

MACKINTOSH, J.—On August 30, 1920, the appellants sold to the respondents a small farm for the sum of $14,000, upon which a crop of potatoes was growing, which the trial court found to be of the value of $1,500. The appellants remained in possession of the farm until the first of November, 1920. During this time the potatoes had been harvested by a Japanese, who held an unrecorded lease for the season upon the portion of the farm in which the potatoes grew. Respondents began this action, seeking to recover the value of the crop of potatoes. Further facts will appear in the discussion of the various assignments of error, the first of which is that the court erred in allowing the respondents to amend their complaint at the close of their evidence so as to bring in as parties plaintiff the wives of the respondents. This was upon the theory that

the action was not one for damages for conversion, but was an action for damages for breach of the covenants in a deed, and being such, the wives were. necessary parties.

It was not error to permit this amendment where there was no claim of surprise or request for continuance, and where, as here, the bringing in of new parties caused no change in the issue which had been presented by the pleadings and the evidence. *Davis v. Seattle,* 37 Wash. 223, 79 Pac. 784; *Leaman v. Thompson,* 43 Wash. 579, 86 Pac. 926; *Robbins v. Wyman, Partridge & Co.,* 75 Wash. 617, 135 Pac. 656.

After the court had allowed the respondents to make this amendment, the appellants were permitted to amend their answer by setting up an additional affirmative defense, in which they alleged that theretofore the respondents had begun an action against the appellants which involved the right of possession of the identical real property in controversy in this case, and that in that action a judgment had been rendered in favor of the appellants here, and that that judgment was *res adjudicata* of the present action. The court refused to permit the introduction of this evidence, which is the second assignment of error. The files showed that was a suit against the appellants seeking to oust them from the premises under the unlawful detainer statute, for the reason that they had not surrendered possession at the time of the conveyance to the respondents. It will be seen, therefore, that that action in no wise involved the breach of the covenants of the deed which are involved in the present action, and the dismissal of the previous action was justified for the reason that the unlawful detainer statute did not apply, as the appellants had come legally into possession of the property and the respondents should have pursued an action

in ejectment. Although the actions were between the same parties, the recovery sought in each was entirely different and the issue in this case could not have been tried out in the former one. For that reason the court was correct in its ruling, as the judgment in the former action was not *res adjudicata* of this.

The next assignment of error is that there was no delivery of the deed of August 30, 1920. The testimony shows that the appellants signed, sealed and acknowledged the deed and delivered it to a bank, which was to notify the respondents, who were to come and receive it upon the payment of the purchase price. At the time of the delivery of the deed and abstract to the bank, the appellants seem also to have delivered an agreement, signed by themselves, which provided for their being allowed to retain possession of the property until the first of November, 1920, to enable them to remove the crop and their personal property from the premises. This agreement was never signed by the respondents, and the deed was delivered by the bank to them without any reservation, the respondents paying the full purchase price, which was shortly thereafter turned over by the bank to the appellants, who at the time had notice of the fact that the respondents had not signed the agreement, which the appellants now assert was a condition precedent to the right of the bank to deliver the deed. We cannot say that this invalidated the delivery. The bank was the agent of the appellants, and although it may have violated its duty to its principal, its delivery to the respondents carried the title. Moreover, the acceptance by the appellants of the purchase price, with full knowledge of the fact that the contract which they desired to have the respondents enter into had not been agreed to or executed, acted as a ratification of the delivery, the

validity of which, as far as the respondents are concerned, cannot now be attacked. *Petticrew v. Greenshields,* 61 Wash. 614, 112 Pac. 749.

It is appellants' contention, however, that the delivery to the bank was an escrow delivery, and that the rule is that delivery by the escrow holder does not become effective until the conditions upon which the escrow is created have been performed. As we have already indicated, the bank was not holding the deeds and instruments under an escrow agreement, but only as the agent of the appellants. *Nelson v. Davis,* 102 Wash. 313, 172 Pac. 1178.

There are several other assignments of error which are based upon the alleged failure to deliver the deed, but which are unnecessary to be considered, in view of our approval of the lower court's finding that there had been a delivery.

It is next contended that the judgment cannot run against the appellants for the reason that the potatoes were taken out by the Japanese tenant. This, of course, is upon the theory that the action is one of conversion, but though the complaint may be susceptible to interpretation as one seeking damages for conversion, yet, under our statutes and practice, the distinctions between forms of action have been abolished, except as applied to certain special actions, and the form or manner of allegation or prayer has become immaterial. *Meeker v. Gilbert,* 3 Wash. Terr. 369, 19 Pac. 18; *Watson v. Glover,* 21 Wash. 677, 59 Pac. 516; *Dormitzer v. German Savings etc. Society,* 23 Wash. 132, 62 Pac. 862; *Dunlap v. Rauch,* 24 Wash. 620, 64 Pac. 807. The complaint here is subject to interpretation as one for breach of the covenants of a deed.

The lease from the appellants to the Japanese not having been recorded, and the respondents having no

actual notice of such a lease, or of any rights which the Japanese may have had, they were innocent *bona fide* purchasers for a valuable consideration, and an action by them upon the covenants cannot be defeated upon the theory that, at the time they took title to the property they knew of any rights of any third parties. At that time they became the owners of the growing crop (*Woody v. Wagner*, 89 Wash. 429, 154 Pac. 819), and were entitled to its possession, which was never delivered to them by the appellants. The damages awarded to the respondents were based upon the actual tonnage of the potatoes harvested, at the fair market price, plus the $50 for the fair rental value of the land for the two months in which the appellants unlawfully occupied it, and, as we read the appellants' brief, no objection is made to the measure of damages, the only criticism in that regard is that whereas the complaint only asked for the sum of $1,250, the judgment was for $1,550. This amount was well within the testimony. The trial court in allowing this amount said:

"That is not exactly the amount claimed by plaintiffs, but is the testimony and the evidence, and it went in without objection, and I assume that the pleadings may be amended to conform to that proof."

No exception was taken by the appellants to this ruling of the court, and finding no error in the record, we affirm the judgment.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.