[No. 24791. Department Two. May 21, 1934.]

EDWARD PLETCHER, *Respondent,* v. WILLIAM J. PORTER et al., *Appellants.*[1]

*O. C. Moore,* for appellants.

*George M. Nethercutt,* for respondent.

HOLCOMB, J.—The amended complaint on which this action was tried alleges that, on or about November 29, 1932, respondent, "a very aged man, afflicted with various physical troubles and diseases," was induced

[1]Reported in 33 P. (2d) 109.

by fraudulent representations made to him by appellants to exchange bond No. 148 of the Davenport Hotel Company of the face value, with coupon attached for unpaid interest in the sum of thirty dollars, of $1030, for two hundred units in one certificate No. 133 of the Alaska Continental Gold Mining Syndicate, which were not "of any value that could be derived from them by immediate sale or at all," together with twenty dollars in cash. It is also alleged that, prior to the institution of suit, the units, together with twenty dollars, were tendered to appellants, and demand made for the return of the bond.

The prayer of the amended complaint is: (1) for an order requiring the return to respondent of bond No. 148 of the Davenport Hotel Company, together with thirty dollars, the amount of the coupon alleged to have been attached to the bond; or (2) in the alternative, that respondent have judgment against appellants and each of them in the sum of $1030, the alleged value of the bond and attached coupon.

A demurrer on the ground of improper uniting of causes of action and of insufficiency of facts to constitute a cause of action, or justify equitable relief, was overruled. All charges of fraud were denied by answer. Appellants also affirmatively alleged that the Davenport Hotel bond was not worth one thousand dollars or any other sum in excess of fifty dollars. To this affirmative matter respondent replied, denying it.

At the opening of the trial, counsel for appellants moved the court to require an election by respondent between the prayer of his complaint for rescission and restoration of the hotel bond, and the alternative prayer for damages, which motion was denied.

The trial court, after hearing the witnesses and ex-

amining the evidence, made the following findings in substance:

After finding the respective ownerships of the Davenport Hotel Company bond No. 148 for one thousand dollars and certificate No. 133 of the Alaska Continental Gold Mining Syndicate for two hundred units, found that appellants, on November 29, 1932, through illegal methods and untruthful statements, connived and induced appellant to part with and trade his bond to them; that respondent was, at that time and at all times in the complaint mentioned, unable to ascertain the value of the shares so tendered and traded to him, and that appellants well knew of his incapacity so to do; that, notwithstanding his incapacity, inability and lack of knowledge as to the value either of his own property or theirs, he was induced to part with his property, the hotel bond, and that appellants, well knowing the value thereof, obtained the same through fraudulent methods, and procured the money therefor in the sum of five hundred dollars, and that, in addition thereto, they clipped from the bond a coupon that was then past due, for the sum of thirty dollars, and paid respondent only the sum of twenty dollars therefor; that the difference in price of the coupon was therefore ten dollars, for which respondent received nothing. The court further found that appellants, at all times, knew the incapacity and inability of respondent; and by their false and fraudulent statements alone induced him to separate from his property, and thereby wrongfully deprived him of the use and benefit thereof.

It was also found that the shares in the syndicate, so traded to respondent, were of little value, or no known value, and the transfer thereof to him of certificate No. 133 of Alaska Continental Gold Mining Syndicate was and is of no particular value, but that re-

spondent has tendered as an exhibit in this cause and filed with the clerk of this court the certificate; that the moneys paid by appellants, to-wit: the sum of twenty dollars for payment of the coupon, was also tendered and is now in the registry of the court subject to the order of the court; that respondent is entitled to retain the sum of twenty dollars as his agreed price for the coupon and that the certificate in the Alaska Continental Gold Mining Syndicate should remain in the hands of the clerk of the court subject to the orders thereof.

Upon the foregoing findings of fact, the court concluded, as a matter of law, that respondent was entitled to the bond of the Davenport Hotel Company No. 148 and the coupon attached thereto; and that, in the event the bond and coupon could not be delivered, respondent is entitled to the judgment and order of the court for the recovery of five hundred dollars, the value at that time. of the bond, and the sum of twenty dollars, the price paid for the coupon attached to the bond. It was also concluded that appellants should be ordered and required to return the bond and coupon, if possible; that, in the event of their inability so to do forthwith, respondent is entitled to judgment for the sum of $520, together with costs and disbursements.

Judgment was entered accordingly for the return of the bond and coupon, or, in the event of the failure to return the bond and coupon, respondent was given judgment against each and all of appellants and the community consisting of each of them and his wife for the sum of $520 and costs.

Appellants assign the following errors on appeal: (1) Error in making and entering finding of fact No. 2, in so far as illegal methods and untruthful statements are ascribed to appellants in connection with

the transaction; (2) error in making and entering finding of fact No. 3, in so far as it ascribes wrongful and fraudulent methods and practices to appellants in connection with the transaction; (3) error in making and entering finding of fact No. 4, in that it states that certificate No. 133 of the Alaska Continental Gold Mining Syndicate was, and is, of no particular value, and finds that respondent is entitled to retain the sum of twenty dollars theretofore tendered into court as the agreed price for the coupon; (4) error in making and entering final judgment and decree appealed from; and (5) error in making and entering personal or individual judgment against Mrs. Porter and Mrs. Fitzgerald.

Appellants open their brief and make an extensive argument to the effect that the demurrer to the amended complaint should have been sustained; failing which, the motion to require an election should have been granted.

Although many cases are cited from this and other courts tending to support that argument, it will be observed that it was not one of the errors assigned for reversal.

Speaking generally, however, it is plain that the action of respondent is founded upon rescission of a transaction induced by deceit and fraud. The damages demanded in the alternative were demanded only in the event appellants could not return the property which had been obtained by them after respondent had placed them in *statu quo* by returning the property he had received. There could be no other way in which he could obtain the benefits of his bargain by any action against them. Even part of the text cited and quoted by appellants, 23 C. J. 239, to the effect that the remedies by rescission and by action for damages

are inconsistent, and an election to pursue one of them prevents the party who makes such election from pursuing the other, continues further and states:

"But it has been held that where a perfect rescission on the ground of fraud does not place the injured party in *statu quo,* as where he has suffered injury which the rescission and the remedies based thereon cannot repair, he may thereafter maintain an action of deceit."

In one of the cases cited by appellants and in *Fields v. Brown,* 160 N. C. 295, 76 S. E. 8, it was held that:

"A party induced by fraud to enter into a contract cannot as a *general rule* both rescind the contract and maintain an action for fraud.

"Where a party rescinds a contract on the ground of the fraud inducing it, and rescission does not place him in *statu quo,* he *may thereafter* sue for the fraud and recover the damages sustained." (Italics ours.) (Syllabus, 76 S. E. 8.)

We see no reason why he cannot, in a code state such as ours, and in order to avoid multiplicity of actions, sue in the same action, in case he cannot be placed in *statu quo,* in the alternative for such damages as the value of the property received from him. That was all that was done in this case.

In this state, there is no distinction between actions at law and in equity; they are all civil actions. The form or manner of allegation or prayer is immaterial. *Browder v. Phinney,* 30 Wash. 74, 70 Pac. 264; *Miller v. Smith,* 119 Wash. 163, 205 Pac. 386. Hence, it is clear that no election was necessary, or could have been required of respondent.

As to the first and second assignments of error, the evidence is strong and convincing in favor of the findings made by the trial court. No useful purpose would be here served by reviewing and analyzing the evidence.

We still adhere to the settled rule in this state that no one is presumed to have perpetrated a fraud (*National City Bank v. Shelton Electric Co.*, 96 Wash. 74; 164 Pac. 933; *State v. Kosai*, 133 Wash. 442, 234 Pac. 5); but we also adhere to the rule as stated in *State v. Hirabayashi*, 133 Wash. 462, 233 Pac. 948 (not cited by either counsel), that fraud is still a question of fact, and when sufficient to satisfy an experienced trier of the facts, who observed the demeanor of the witnesses on the stand and heard and weighed their testimony, his findings will not usually be disturbed. See, also, *Milton v. Crawford*, 65 Wash. 145, 118 Pac. 32.

Respecting the third assignment of error, the trial court found that certificate No. 133 is of no particular value, on competent evidence. He also found that it and the twenty dollars had been tendered into the registry of the court, and there still remained. The judgment is somewhat deficient in not directing certificate No. 133 to be returned to appellants as the trial court directed the hotel bond be delivered, if possible, to respondent, but this is a very insignificant feature. In that respect, the judgment should be made more definite.

From what we have said in discussing the other claims of error, it is plain that there was no error in making the final judgment in favor of respondent, on the facts in this case.

The final claim of error, in entering personal or individual judgment against Mrs. Porter and Mrs. Fitzgerald, is well founded. Upon their husbands obtaining the bond and coupon from respondent, the same immediately became community property. When they disposed of the property, the proceeds doubtless went into the community coffers. Neither of the wives was in any wise responsible for the torts of their husbands,

and did not become individually liable therefor. *Sweet, Dempster & Co. v. Dillon,* 13 Wash. 521, 43 Pac. 637; *McLean v. Burginger,* 100 Wash. 570, 171 Pac. 518; *Yakima Plumbing Supply Co. v. Johnson,* 149 Wash. 257, 270 Pac. 829.

It was probably inadvertent that the trial court entered judgment against each of them personally, and would have been corrected had its attention been called to it before appeal.

The judgment is right in all other respects, but must be modified in the two particulars · specified, and no judgment shall be entered personally against Mrs. Porter and Mrs. Fitzgerald, other than against their communities.

The cause is remanded, with instructions to enter judgment in conformity herewith. Neither party will recover costs of appeal.

BEALS, C. J., TOLMAN, GERAGHTY, and MAIN, JJ., concur.