[No. 865.   Decided July 31, 1893.]

ADELIA McGLAUFLIN, *Appellant*, v. RUFUS MERRIAM AND
F. K. PUGH, *Respondents*.

APPEAL — SETTLEMENT OF STATEMENT — TIME OF NOTICE — OBJEC-
TIONS NOT RAISED BELOW — COMMUNITY PROPERTY — UNAUTHOR-
IZED CONTRACT OF HUSBAND FOR SALE.

Notice of the settlement of a statement of facts given within thirty
days after the filing of a judgment is sufficient, although more
than that time has elapsed since the dating of the judgment at the
time the findings of fact were filed.

Although a statement of facts was settled on the day following
the one for which notice was given, without any adjournment to
that day by the court, the respondent cannot urge objection thereto
in the supreme court, if he appeared at the time of settlement to
object thereto on other grounds.

Where a husband contracts to pay a commission for the sale of
community lands, without having any authority from the wife for
that purpose, and judgment is obtained against him alone on his
contract, the wife may enjoin the sale of the community lands on
execution.

*Appeal from Superior Court, Spokane County.*

*Nash & Nash*, for appellant.

*Merriam & Merriam*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—The respondents move the court to strike
from the record in this case the statement of facts, and for
an affirmance of the judgment upon the following grounds:
Because appellant did not give notice to respondents of the
time and place of settling said statement of facts within
the time required by law, and because the court had no
jurisdiction to settle the same.   It is contended that the
decree was rendered in this case on the 10th day of No-
vember, 1892, upon which date the findings of fact were
filed, and notice to settle the statement of facts was not

given until the 23d day of December following. The judgment is dated on the 10th day of November, but it appears by the record that it was not filed until the 2d day of December, and consequently could not have been entered before then. We are of the opinion that the notice to settle the statement was within the time prescribed by law.

The notice to settle the statement required respondents to appear on the 2d day of January, 1893, and it appears that the statement was settled on the following day, January 3, and as the record fails to show that the settlement of such statement was continued or adjourned from the 2d day of January until the 3d day of January, it is contended by the respondents that the court had no jurisdiction to settle it at said time. It appears, however, that the respondents appeared before the judge upon the 3d day of January, and objected to the settlement thereof because the time provided by statute for giving notice of settlement had expired before notice was given. No point was made of the fact that the notice had been given to settle the statement on the day preceding. The court overruled the objection raised, which we have sustained, and the respondents having appeared and not having raised the further objection urged here, waived the same, and the motion to dismiss is denied.

The respondent, Rufus Merriam, brought suit against one George McGlauflin, appellant's husband, to recover a commission for finding a purchaser for certain real estate, the community property of said McGlauflin and the appellant, and a judgment therefor was rendered in his favor. An execution was issued upon this judgment, which was by the respondent Pugh, as sheriff, levied upon community lands, and appellant brought this action to enjoin a sale thereof. She had originally been joined as defendant in the action brought by Merriam against her husband, but a demurrer upon her part to the complaint was sustained,

and the action was dismissed as against her. In this action she sought to enjoin the sale of said land upon the ground that the same was her separate property. It is not necessary to pass upon the question of fact as to whether such real estate was her separate property, for it is admitted by the respondents that it was the community property of the plaintiff and her husband.

There was nothing to show that George McGlauflin, the execution debtor, had any authority from his wife to sell, contract to sell, or to find a purchaser for said community lands, and the lands were not in fact sold. The husband, having no authority to sell community real estate, cannot bind the same for any indebtedness incurred by him in employing a broker to find a purchaser therefor, and consequently the judgment obtained by respondent Merriam was not a charge upon the community lands. For that reason the plaintiff should have been granted the relief prayed for, and it is immaterial whether or not such real estate was her separate property, as such relief was fairly within her prayer for general relief if the property was community property.

The decree rendered against her in the court below is reversed, and the cause remanded.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.