[No. 8399.  Department Two.  October 28, 1909.]

## CALVIN PHILIPS & COMPANY, *Respondent*, v. LOUIS LANGLOW *et al., Appellants*.[1]

BROKERS — COMMISSIONS — EVIDENCE — SUFFICIENCY.  Defendants cannot escape liability for commissions for securing a loan, upon the plea that their signed application was merely tentative and to determine whether a loan could be made, where a contract for the commissions was signed, the broker procured a party ready and willing to make the loan on the terms proposed in the application, and the conditions insisted upon as to the title were covered by the application.

SAME—DEFENSES—ACTING AS AGENT FOR BOTH PARTIES.  A broker may act as agent of both parties, and is entitled to commissions agreed to be paid by one party, with knowledge that he was agent for the other party.

HUSBAND AND WIFE—COMMUNITY DEBT—LIABILITY OF WIFE— BROKER'S COMMISSIONS.  The wife is liable, as a member of the community, upon the husband's contract to pay a commission for securing a loan which was a community debt contracted in the management of the community estate.

COURTS—REVIEW OF ITS OWN DECISIONS—DIFFERENT JUDGES.  A decision by the trial judge upon deciding the case is not affected by the fact that another judge had ruled differently in deciding a demurrer in the case.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered March 13, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Affirmed.

*Loveday, Kelley & McMillan*, for appellants.

*Fogg & Fogg*, for respondent.

MOUNT, J.—Respondent brought this action to recover upon a written contract for the payment of commissions in procuring a loan of $35,000 for the appellant Louis Lang-

[1]Reported in 104 Pac. 610.

low.   The defense was based upon two grounds: (1) that the application for the loan was a mere tentative inquiry as to the terms upon which a loan could be procured; and (2) that the loan was to be secured by mortgage upon community real estate, and that the contract to pay a commission upon the loan was made by Louis Langlow without knowledge or authority of his wife.   The case was tried to the court and a jury.   A verdict was returned in favor of the plaintiff for $365, and judgment was entered thereon.   The defendants appeal.

It seems that the appellant Louis Langlow and his brother owned certain real estate in Tacoma.   They desired to construct a building upon this real estate.   In January, 1908, they caused a letter to be written to the Penn Mutual Life Insurance Company of Philadelphia, Pennsylvania, inquiring whether that company would make a loan of $40,000 upon their Tacoma property.   The company replied that it had no funds at the time, but referred appellant to respondent Calvin Philips & Company, at Tacoma, through whom it said its loans were being made.   Thereafter, on April 16, 1908, Louis Langlow applied to Calvin Philips & Company and signed an application for a loan from the Penn Mutual Insurance Company, for $35,000, for the term of five years, at five and one-half per cent per annum, to be secured by a first mortgage lien upon certain real estate.   At the same time Louis Langlow signed an agreement to pay Calvin Philips & Company for its services in procuring the loan a commission of one and one-half per cent of the amount of the loan, and to permit Calvin Philips & Company to write the insurance carried on the buildings during the life of the mortgage. Thereafter the Penn Mutual Life Insurance Company accepted the application and agreed to make the loan as applied for, and directed the borrowers to report to Messrs. Fogg & Fogg, attorneys, for an examination of title and the completion of the loan.   Some objections were made by the attorneys to the title of the lots offered as security, and sug-

gestions were made in order to make the mortgage lien good. The borrower desired money to be advanced for the construction of the building. The insurance company, in that event, required a bond to protect it against liens. While these negotiations were pending, the appellant obtained a loan from another party, and then declined to complete the loan with the insurance company. Calvin Philips & Company thereupon demanded its commission, which was refused, and this action followed.

Appellants contend that the facts show that the application was a mere tentative application to determine whether the loan would be made. A careful reading of the evidence convinces us, as it evidently convinced the jury, that the application was what it purported to be, and was not a mere inquiry. After the application was accepted, the applicants proceeded to carry out the loan, which they no doubt would have completed had they not obtained the money elsewhere, at the same rate of interest and upon substantially the same terms it was offered by the insurance company, but without the payment of any commission. It is true the contract with respondent for commissions provided: "If this application is not accepted, the said Langlow to be at no expense in connection therewith." But this clearly referred to the acceptance by the insurance company, and not the acceptance by the appellants. The application for the loan was accepted by the insurance company. It was not carried out, but the failure was not the fault of either the insurance company or of Calvin Philips & Company to comply with the agreements contained in the application and in the acceptance thereof. The conditions insisted upon by the insurance company were covered by the terms of the application. The fact that the respondent procured the loan, or a party ready and willing to make it upon the terms proposed in the application, was sufficient to entitle the respondent to its commission. 19 Cyc. 255; *Barnes v. German Savings & Loan Society*, 21 Wash. 448, 58 Pac. 569.

It is contended that the evidence shows that Calvin Philips & Company was the agent for the insurance company, and therefore not entitled to a commission from appellants. The evidence does show that the loans of that company were made through Calvin Philips & Company, but it is not shown that Calvin Philips & Company was compensated by the insurance company. It clearly appears that all the parties knew that Calvin Philips & Company was to be paid by the appellants for negotiating the loan. The rule is that an agent may act for both parties where the parties have full knowledge of the facts and consent thereto. 31 Cyc. 447-9.

Appellants also contend that, because Ingeborg Langlow, the wife of Louis Langlow, did not sign the application for the loan, or the contract to pay for the services rendered in procuring the same, and did not know of the contract, she was therefore in no way bound, and the respondent was not entitled to a judgment against her. Her separate property would not be liable for such a debt, but the debt is clearly a community debt contracted by the husband in the management of the community estate for the benefit of the community. The rule is that community property is liable for the payment of community debts. *Oregon Improvement Co. v. Sagmeister*, 4 Wash. 710, 30 Pac. 1058, 19 L. R. A. 233; *Floding v. Denholm*, 40 Wash. 463, 82 Pac. 738. The judgment against her as a member of the community was therefore proper.

The case of *Holyoke v. Jackson*, 3 Wash. Ter. 235, 3 Pac. 841, and other cases cited by the appellants, to the effect that a husband cannot enter into a valid contract for the sale of community real estate without his wife joining therein, are not in point. That case is clearly distinguished from this in the case of *Andrews v. Andrews*, 3 Wash. Ter. 286, 14 Pac. 68, where the court said that case "determined nothing as to the power of the husband to bind the community real estate by a judgment recovered against himself for a community debt." The fact that the judge who tried the case ruled

differently upon this question from the judge who passed upon the demurrer to the original complaint is of no consequence, for the last ruling was correct. *Shephard v. Gove,* 26 Wash. 452, 67 Pac. 256.

Appellants further argue that the court erred in giving and in refusing to give certain instructions. The points made upon these instructions are in substance decided above, and need not be further considered.

We find no error in the record, and the judgment must therefore be affirmed.

RUDKIN, C. J., DUNBAR, and CROW, JJ., concur.