[No. 11633.  Department Two.  February 28, 1914.]

J. F. PRICE, *Respondent*, v. A. E. PARTRIDGE *et al.*,
*Appellants.*[1]

BROKERS—CONTRACT FOR COMMISSIONS—VALIDITY—DESCRIPTION OF
PROPERTY.  An agreement to pay a broker's commission on the ex-
change of property is not unenforceable because the description of
the properties was not accurate, where it was understood at the
time that the description of some 1,600 acres of farm land might not
be accurate, and abstracts were exchanged and the trade made with-
out any objection to the discrepancies in the description.

SAME—CONTRACT FOR COMMISSIONS—CHANGE IN TERMS.  In such a
case, it is immaterial that 80 acres less was conveyed than was rep-
resented to be in the tract, the parties having nevertheless concluded
the contract.

SAME—ACTION FOR COMMISSIONS—PLEADING AND PROOF—AFFIRMA-
TIVE DEFENSE.  In an action to recover a broker's commission, which
the purchaser agreed to pay out of the first crop raised on the place,
the fact that the crop raised was not sufficient to pay the sum agreed
upon is an affirmative defense to be specially pleaded, and cannot be
shown under a general denial.

SAME—BROKER ACTING FOR BOTH PARTIES.  A broker is entitled to
recover an agreed commission from both parties to the exchange of
properties, where both knew that the other was to pay a commission.

Appeal from a judgment of the superior court for King
county, French, J., entered May 15, 1913, upon findings in
favor of the plaintiff, in an action on contract, tried to the
court.  Affirmed.

*E. P. Edsen* and *Hammond & Hammond,* for appellants.
*Gill, Hoyt & Frye,* for respondent.

MOUNT, J.—This action was brought by the plaintiff to
recover from the defendants a commission of $1,000 upon an
exchange of real estate.  The cause was tried to the court
without a jury.  Findings of fact were made and a judg-
ment was entered in favor of the plaintiff for the amount

[1]Reported in 139 Pac. 34.

claimed. The defendants have appealed from that judgment.

It appears that the respondent was a real estate broker in Seattle, Washington. The appellants, Partridge and wife, were the owners of an apartment building and certain lots in the city of Seattle. They estimated this property was worth $56,000. It was incumbered by a mortgage for $15,-000. P. E. Sullivan was the owner of about 1,600 acres of farm lands in Walla Walla county, Washington, and in Umatilla county, Oregon. This land was valued at about $56,-000. It was incumbered by a mortgage of $15,000.

Shortly before the 8th day of November, 1911, the respondent, J. F. Price, told A. E. Partridge about this 1,600 acres of land, and that he could arrange a trade for the lots and apartment building. A. E. Partridge thereupon signed the following letter:

"Seattle, Nov. 8, 1911.

"J. F. Price, Esq., Seattle, Washington.

"Dear Sir: This is to certify that in event deal is finally consummated between myself and wife and P. E. Sullivan in exchange of the Genivieve Apartments, situated on lots 23 and 24, block 1, Bergert's Addition to the city of Seattle and lots 1, 2, and 3, block 3 Westlake Boulevard Addition for certain lands in Walla Walla county, Washington, and Umatilla county, Oregon, described as follows: Lots 2, 3, 4 & 5, section 18; the east ½ of the S. E. ¼ and the S. W. ¼ of the S. E. ¼ and the S. E. ¼ of the S. W. ¼ Sec. 18, Twp. 6 N. R. 32 E. W. M. containing 328 acres; lots 1, 2, 3, & 4, and the N. ½ of Sec. 17 Twp. 6 N. R. 32 East containing 310 acres, Walla Walla county, Washington; the S. ½ Sec. 16, Lots 1, 2, 3, & 4, the S. ½ of the S. E. ¼, Sec. 17, the S. E. ¼ of the S. W. ¼ and lots 3, 4 & 5 Sec. 18 and the N. E. ¼ Sec. 20, Town 6 N. R. 32 East, Umatilla county, Oregon, containing 967 acres.

"When said deal is finally consummated and deeds have passed I will pay you the sum of Ten Hundred Dollars ($1,-000) for your commission and services. Payment to be made out of first crop.            A. E. Partridge."

The plaintiff at the same time obtained a contract similar in form from P. E. Sullivan, by which Sullivan agreed to pay to the plaintiff $1,000 in case the trade was finally consummated. At the time these letters were prepared and signed, it was understood by all the parties that the description contained in these contracts might not be accurate. The land in Walla Walla and Umatilla counties was referred to as containing about 1,600 acres.

Soon after the date of these letters, the respondent and the appellant Partridge and John L. Sullivan, a son of P. E. Sullivan, went from Seattle to examine the farm land owned by P. E. Sullivan. The land was shown to Partridge. It was completely enclosed by a fence, and it was there stated that there were about 1,600 acres within the tract. It was also pointed out that within the enclosure were about 40 acres not owned by Sullivan.

After examining the property, the parties came back to Seattle. Abstracts of the property were exchanged and examined by attorneys for the respective parties. Some defects in the title were pointed out and cured. Thereafter Partridge deeded his property to Sullivan and Sullivan executed deeds to the farm lands to Partridge. Afterwards Partridge refused to pay the commission agreed upon, and this action was brought to recover the same.

The appellants argue, first, that it was necessary for the respondent to prove that the identical property described in the letter was conveyed by Sullivan to Partridge, and because this was not shown, the respondent was not entitled to recover. It seems to us there are two conclusive answers to this position: First, it is conceded that it was understood by the parties at the time the contract to pay a commission was entered into that the description of the land might not be accurate; and second, Partridge, before the trade was finally consummated knew, or should have known from the abstracts which were furnished him and the deeds which were finally delivered to him, that the descriptions contained in

the letter were not accurate. He made no objections to the trade on that account. He examined the property and was satisfied with it and consummated the exchange after being informed as to its exact condition. The exact description of the land was not an important matter. The agreement between the parties was to exchange properties, and after an examination had been made of the properties the exchange was made. We think it is plain that the appellants were liable for the commission which they had agreed to pay under the terms of their contract. The appellants received the fruits of the respondent's services and were bound to respond by performance of the contract which they had made with him.

At the trial of the case, the appellant Partridge offered to show that eighty acres less was deeded to him than was represented to be in the tract prior to the execution of the deeds. But this we think was entirely immaterial, because he either knew, or is now presumed to know the fact at the time the deal was consummated. The rule is that:

"If a broker has brought the parties together and as a result they conclude a contract, he is not deprived of his right to a commission by the fact that the contract so concluded differs in terms from the one which he was authorized to negotiate." 19 Cyc. 249.

The appellants next argue that the court erred in refusing to admit evidence offered by the appellants to the effect that the crop produced upon the land was a failure, and that therefore there was no fund out of which the respondent could be paid. The court excluded this evidence upon the ground that the only defense made by the appellants' pleading was a general denial. It was conceded upon the trial that a crop had been harvested upon the place and if that crop was not sufficient to pay the respondent the sum agreed upon, in order to be available as a defense it should have been pleaded. Not having been pleaded, we think the court was right in excluding the evidence.

The appellants also contend that the respondent was not entitled to recover because he had received a commission from P. E. Sullivan. But the great weight of the evidence is to the effect that both the appellant, A. E. Partridge and P. E. Sullivan, at the time they signed these letters, knew that the other was to pay a commission.

"The rule is that an agent may act for both parties where the parties have full knowledge of the facts and consent thereto." *Calvin Philips & Co. v. Langlow*, 55 Wash. 385, 104 Pac. 610.

We find no error in the record. The judgment is affirmed.

CROW, C. J., MORRIS, FULLERTON, and PARKER, JJ., concur.