[No. 18641. Department One. July 9, 1924.]

CALVIN PHILIPS & COMPANY, *Respondent*, v. FREDA C. BERGMAN *et al., Appellants*.[1]

HUSBAND AND WIFE (80)—COMMUNITY DEBT—CONTRACTS OF HUS-BAND—COMMISSIONS FOR LOAN ON COMMUNITY PROPERTY. The hus-band's contract to pay an agent's commission for securing a loan on community property to pay a community debt, the loan also being a community debt, is binding upon the wife as a community debt.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 9, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*C. H. Steffen* and *Andrew J. Balliet,* for appellants.
*Hartman & Hartman,* for respondent.

MACKINTOSH, J.—This was an action against the ap-pellants husband and wife for a commission to be paid for a loan from the respondent to be secured by a mort-gage upon the appellants' community real property. The contract for the payment of the commission was signed by the appellant husband only. The money from the loan was to be used in paying off a debt on the community property, and the balance remaining was to be used in a community undertaking. The trial resulted in a judgment against the appellant husband and the community composed of himself and wife.

The only question is, as stated by the appellants, "can the husband alone make a valid contract binding the community property in negotiating a loan on prop-erty admitted to be community property."

[1]Reported in 227 Pac. 321.

This question is no longer an open one in this jurisdiction, for this court, in *Calvin Philips & Co. v. Langlow,* 55 Wash. 385, 104 Pac. 610, and *Calvin Philips & Co. v. Mercy,* 126 Wash. 376, 218 Pac. 4, has held the community liable on a contract for a commission in negotiating a loan on community property, signed by the husband alone. The debt which the husband, as manager of the community, contracted was for a community purpose, and a judgment thereon is collectible out of the community estate.

The appellants call attention to *McGlauflin v. Merriam,* 7 Wash. 111, 34 Pac. 561. In that case the husband had made a contract to pay a brokerage commission for the sale of community lands and it was sought to sell the community real estate in satisfaction of a judgment based on that contract, and the court held that the husband had no authority to sell community real estate without his wife joining in the sale, and that, therefore, he could not bind the community real estate for any indebtedness which he might incur in employing a broker to make the sale. That case does not seem to consider the fact that the debt which the husband there attempted to create partook of a community character, and it may be that that case can be distinguished from our later cases by reason of the fact that the sale which the husband was there attempting to make was not for a community purpose or for the benefit of the community. But the language of that case is broad enough to cover the situation existing in the *Langlow* and *Mercy* cases, *supra,* and it would appear that those later cases have overruled the *McGlauflin* case, *supra.*

For that reason the judgment must be affirmed.

Main, C. J., Holcomb, Tolman, and Parker, JJ., concur.