[No. 20492. Department Two. July 13, 1927.]

R. L. HAMILTON, *Respondent*, v. W. G. NORRIS *et al.*,
*Appellants.*[1]

[1] BROKERS (1, 26)—RELATION TO PRINCIPAL—ACTING FOR BOTH PARTIES. An agent employed by the vendee to buy property, is adopted, also, as agent of the vendor, where, upon disclosing the vendee, the parties get together and, in the agreement made, the vendor agreed to pay the agent's commissions.

[2] SPECIFIC PERFORMANCE (10)—PERSONS AGAINST WHOM GRANTED —PRINCIPALS. A broker's contract for the purchase and sale of real estate may be specifically enforced against the vendor, where the agent was acting for both parties, and signed as agent for the vendor, although originally employed as agent for the vendee.

[3] SPECIFIC PERFORMANCE (13-3)—CONTRACTS ENFORCIBLE—MUTUALITY. The provision in an earnest money receipt for the retention of earnest money as liquidated damages in case of default of the purchaser, does not affect the mutuality of the contract or constitute a defense to the vendee's action for specific performance upon complying with the terms of sale.

[4] SAME (56)—JUDGMENT OR DECREE—TERMS OF CONTRACT. Upon specifically enforcing a contract for the sale of land, the defendant is properly required to pay all taxes and assessments which were a lien, where he had agreed to convey the premises free and clear of all incumbrances.

[1]Reported in 258 Pac. 4.

Appeal from a judgment of the superior court for King county, Moriarty, J., entered September 24, 1926, upon findings in favor of the plaintiff, in an action on contract. Affirmed.

*Wm. Martin,* for appellants.

*Furber & Furber,* for respondent.

HOLCOMB, J.—This action was brought to compel the specific performance by appellants of a contract for the sale of four lots in West Seattle, according to the terms of an earnest money receipt and agreement.

The earnest money agreement alleged and proven by respondent was dated March 10, 1926, and signed by respondent as purchaser. Under the same date, it was signed by appellants, the owners of the real estate in question, in duplicate, a copy thereof being retained by appellants, and the other delivered to Sutherland & Holloway, the agents who had acted as procurers in the purchase of the real estate for respondent. It recites that the purchase price of the real estate is $2,000, of which the sum of $250 was then and there paid and acknowledged, the balance to be paid at the rate of twenty-five dollars per month, with interest as specified, title to be shown by title insurance policy, and the property to be conveyed by contract, free and clear of all encumbrances of every nature whatsoever, except building restrictions, zoning law or easements imposed on the property. At the bottom of the instrument was a memorandum, dated Seattle, Washington, 3-10-1926, in which it was stipulated that the owner and wife agreed to all the foregoing terms and conditions, and agreed to pay Sutherland & Holloway, as agents, a commission of one hundred dollars for services; that

" . . . in the event that the earnest money receipted for is forfeited, the owners agree that such

forfeiture go to, and be retained by, the agents to the extent of the agreed commission, and the residue to the owners."

Respondent pleaded and proved tender of performance under the earnest money agreement, payment of the initial sum, the tender of all installments due at the time the action was begun, and demand for the contract according to the earnest money agreement. Respondent also paid into the registry of the court each month the installment due for that month, with accrued interest, during the pendency of the cause. Respondent tendered the contract according to the terms of the earnest money agreement and demanded that it be executed by appellants, which was refused.

For a defense in the court below, appellants pleaded and introduced evidence to prove that the contract, although it bore date March 10, 1926, was not in fact actually signed by them until April 14, 1926, and then only conditionally executed by them, being conditionally delivered, as they alleged and testified, to the agents, Sutherland & Holloway, with instructions to have respondent assume certain assessments for improvements upon the real estate, not delinquent at the date of the sale, but which would fall due thereafter.

The evidence introduced at the trial, although conflicting, preponderantly shows that on March 4, 1926, respondent went to Sutherland & Holloway, real estate brokers in West Seattle, and asked them to find out who owned the lots in question and the price at which they could be purchased. Accordingly, one of the brokers immediately phoned the appellant husband and obtained a price of $2,000, the owner to pay all assessments and a five per cent commission. These terms were reported by the brokers to respondent a few days later. On March 10, 1926, respondent instructed the brokers to close the deal. Thereupon the

agents prepared the earnest money receipt which is in evidence, which was then signed in triplicate by respondent and the agents, respondent at the same time depositing the two hundred fifty dollars earnest money called for in the agreement. Later, on the same day, March 10, Sutherland, one of the agents, presented two copies of the earnest money agreement to Norris at his office in Seattle, who, after reading the same, signed both copies and had his wife sign also. One of the signed copies of this agreement was retained by Norris, and the other delivered to Sutherland, who later delivered the same to respondent. On March 12, 1926, the agents mailed their check for two hundred fifty dollars to appellant, representing the initial payment made by respondent on the purchase price, which Norris admitted receiving about March 13. He then, on March 15, sent his own check to Sutherland & Holloway for the one hundred dollars commission. He kept the remainder of the initial payment until the day of trial.

About a month after the signing of the earnest money receipt, Sutherland was informed by appellant that he had discovered that there were unpaid assessments of about three hundred twenty-five dollars against the lots, and that he refused to go through with the deal, unless respondent would assume those assessments. This respondent refused to do. On or about April 15, respondent requested appellant to sign a real estate contract in conformity with the provisions of the earnest money agreement, and at the same time tendered to the appellant the April installment then due, with interest. Upon the refusal of appellant to comply with the earnest money contract, respondent brought this action.

The trial court decreed specific performance according to the terms of the earnest money agreement.

[1, 2]  Appellants first contend that the court erred in holding that the earnest money receipt signed by Sutherland & Holloway, as agents for appellants and respondent, as purchaser, could be specifically enforced, when it was admitted that the firm of Sutherland & Holloway were employed by respondent to purchase the property in question without the knowledge of appellants.

Brushing aside the obvious objection that this is a contention made for the first time on appeal and not made in the lower court, the contention is untenable. From the facts in the case it is manifest that, when the earnest money agreement was prepared for signature on March 10, 1926, whether it was in fact signed then or not by appellants, appellants then knew that the purchaser was respondent.  When requested by Sutherland & Holloway to fix a price and terms for the sale of the real estate, it was evident that the agents had a purchaser.  Although the purchaser was not then disclosed, when he was disclosed to appellants, appellants at the same time made an agreement with the agents to pay them a commission for the sale of the real estate and agreed to sell the real estate to respondent.  The agents thus openly became agents for both parties.  The rule is that an agent may act for both parties when the parties have full knowledge of the facts and consent thereto.  *Philips & Co. v. Langlow,* 55 Wash. 385, 104 Pac. 610; *Price v. Partridge,* 78 Wash. 362, 139 Pac. 34; 31 Cyc. 1447; 2 C. J. 713; 21 R. C. L. 828.

Although appellants did not plead any secret dual agency on the part of the brokers for respondent, all the evidence showed the above facts, and considering appellants' pleadings amended to conform thereto, it cannot avail appellants.

[3]  It is next contended that the trial court erred

in holding and decreeing that appellants sign and execute the real estate contract proposed by respondent, because, it is asserted, appellants did not have that remedy, but only the remedy of forfeiting the deposit money. Appellants say:

"The earnest money receipt was not mutual and cannot be enforced. It provided in case the 'purchaser refuses or neglects to comply with any of the conditions of this sale then the earnest money herein receipted for may be forfeited as liquidated damages.' The appellants could not force the respondent to execute a real estate contract for the purchase of this property."

The provision in this agreement for the retention of the earnest money as liquidated damages was not exclusive. In that case, it does not exclude the right of appellants themselves to the remedy. They would have the option of two remedies, either to retain the earnest money as liquidated damages or to enforce the contract. *Asia Investment Co. v. Levin,* 118 Wash. 620, 204 Pac. 808.

And furthermore, where, as here, respondent tendered entire performance of the contract, relying upon it as a contract for the sale of the real estate, appellants could not as a defense plead lack of mutuality. *Wright v. Suydam,* 72 Wash. 550, 131 Pac. 239; 36 Cyc. 631.

[4] The last contention by appellants is that the lower court erred in decreeing that appellants pay all the taxes and assessments which were a lien upon the property on March 10, 1926, notwithstanding the appellants were only to receive two hundred fifty dollars from respondent, of which one hundred dollars was retained by the agents as commission, and in reserving jurisdiction to make any supplemental order or decree to specifically enforce the provisions of the decree.

The evidence abundantly shows, and supported the

trial court's decree, that the contract was entered into on March 10, 1926, and was not conditionally delivered. The contract unconditionally agrees to convey by contract, free and clear of all encumbrances. Moreover, the total amount appellants are to receive is not the two hundred fifty dollars less one hundred dollars commission, as asserted by them, but is $2,000, with accruing interest at seven per cent. The decree conforms strictly to the agreement. It merely specifically enforces the agreement.

Finding no error, the decree is affirmed.

MACKINTOSH, C. J., TOLMAN, MAIN, and ASKREN, JJ., concur.