[No. 68-40679-3.    Division Three.    May 13, 1970.]

THOMAS M. BRANDT et al., Appellants, v. EVA P. KOEPNICK,
Defendant, TRI-STATE REALTY, INC., et al., Respondents.

*Clausen & Gemmill* and *George Planthaler*, for appellants.

*Delay & Curran*, *J. Donald Curran*, and *Neil E. Johnson*, for respondents.

MUNSON, J.—Plaintiffs, Thomas and Maxine Brandt, appeal from the dismissal of their action for damages and cancellation of a real estate commission and a judgment in favor of codefendant and counterclaimant, Tri-State Realty,

Inc., for their real estate commission plus interest, attorney's fees and costs.

Plaintiffs, through Tri-State Realty, Inc., purchased property consisting of a lot with a residence and a small, dilapidated building. The building—a nonconforming structure under a city of Spokane zoning ordinance—was previously used commercially; however, its nonconforming commercial nature was lost by its failure to be used for 1 year. Defendant Eva P. Koepnick, the property's former owner, was aware of this fact and so informed Harry Kasner, a salesman for defendant Tri-State Realty, Inc.

Plaintiffs, because of ill health, wanted to sell their tavern-restaurant with attached living quarters for cash or in exchange for a residence. Miss Koepnick, owner of a residence, wanted to buy a tavern. They were brought together by Tri-State Realty, Inc. The Brandt tavern was shown to Miss Koepnick; Mr. Brandt was taken to defendant's property where he examined both the small, dilapidated building and the residence. Although Mr. Kasner and Mr. Henker, another salesman for Tri-State Realty, Inc., were present during Brandt's inspection, at no time did they inform plaintiff that the small building was a nonconforming structure in violation of the Spokane zoning ordinance and thus unavailable for commercial use. On the other hand, plaintiff made no inquiry as to potential use of the building and in fact testified at trial, "I didn't discuss any of my plans with anybody because I didn't figure it was any of their business."

Within an hour and a half after examining the Koepnick property, plaintiff executed an earnest-money receipt and agreement for exchange of the two properties. Prior to consummation of the exchange, plaintiff told Tri-State Realty, Inc. that he was unable to pay a real estate commission on the sale of the tavern. As a result, an arrangement was made whereby Tri-State Realty, Inc. agreed to sell the Koepnick property and obtain its real estate commission from that sale. Immediately upon executing the earnest-money agreement and receipt, Brandt orally listed the

newly acquired property for sale with Tri-State Realty, Inc. Brandt also signed a promissory note agreeing he would pay the real estate commission within 2 years whether the Koepnick property sold or not.

After the transaction was closed, defendant Koepnick received a letter from the city of Spokane advising the small building must be demolished. This letter was transmitted to Tri-State Realty, Inc. and in turn forwarded to plaintiffs. Subsequently, plaintiffs demolished the building, removed the Koepnick property from the market and brought suit. Tri-State Realty, Inc. counterclaimed upon the note.

Plaintiffs assign error to only one of the trial court's findings of fact, namely, finding No. 12 which states:

> At no time did plaintiff ever indicate to any of the defendants anything which would have alerted them that plaintiff thought he was obtaining a building which would be used commercially or as a separate dwelling residence.

None of the other findings by the trial court, many of which specifically state the same proposition, are assigned as error and thus must be accepted as verities. *Union Bank v. Kruger*, 1 Wn. App. 622, 463 P.2d 273 (1969). Furthermore, the challenged finding is supported by substantial evidence and will not be overturned by this court on appeal. *Noah v. Montford*, 77 W.D.2d 465, 463 P.2d 129 (1969); *Moss v. Vadman*, 77 W.D.2d 402, 463 P.2d 159 (1969).

Likewise, plaintiffs assign error to the trial court's failure to enter their proposed findings of fact and its failure to find the real estate agents breached their duty or misled plaintiffs; however, these findings are not set forth in plaintiffs' brief and will not be considered. CAROA 43; *State ex rel. Bain v. Clallam County Bd. of County Comm'rs*, 77 W.D.2d 549, 551, 463 P.2d 617 (1970); *Union Bank v. Kruger, supra*.

The principal issue raised by plaintiffs is set forth in their brief as follows:

> Should the fact that Brandt did not specifically reveal to his agents what he intended to do with the building, if

indeed he knew then for sure, entitle his agents to hold back the fact that they were told the building couldn't be used?

█ Tri-State Realty, Inc. was the agent of both Brandt and Koepnick, and known to each as such. This dual agency relationship, while extremely delicate, is permissible when both parties have full knowledge of the facts and consent thereto. *Hamilton v. Norris,* 144 Wash. 326, 258 P. 4 (1927); *Harry M. Fine Realty Co. Inc. v. Stiers,* 326 S.W.2d 392 (Mo. App. 1959). *Cf. Bell v. McConnell,* 37 Ohio St. 396 (1881); *Huggins Cracker & Candy Co. v. People Ins. Co.,* 41 Mo. App. 530, 541 (1890); *Wendt v. Fischer,* 243 N.Y. 439, 154 N.E. 303 (1926). The duty of care owed to each by the dual agent is to exercise the same good faith and loyalty to both principals and to make the same full and truthful disclosure of all known facts, or facts discoverable, in the exercise of reasonable diligence that are likely to affect either principal's interest and action. *Hamilton v. Norris, supra; Otsego Aviation Serv. Inc. v. Glens Falls Ins. Co.,* 277 App. Div. 612, 102 N.Y.S.2d 344 (1951); Restatement (Second) of Agency § 392 (1958); 3 Am. Jur. 2d *Agency* §§ 234, 254-256 (1962); 12 C.J.S. *Brokers* § 41, 97-98 (1938).

Plaintiffs rely principally on *Mersky v. Multiple Listing Bureau of Olympia, Inc.,* 73 Wn.2d 225, 228-229, 437 P.2d 897 (1968), wherein the Supreme Court stated:

> [W]e start from the general and basic premise that a real-estate brokerage firm with whom property is appropriately listed for sale becomes the agent of the seller for the purpose of finding a purchaser. And, from this agency relationship springs the duty and the obligation upon the part of the listing broker, as well as on the part of his subagents, to exercise the utmost good faith and fidelity toward his principal, the seller, in all matters falling within the scope of his employment. . . .
>
> . . . and to make, in all instances, a full, fair, and timely disclosure to the principal of all facts within the knowledge or coming to the attention of the broker or his subagents which are, or may be, material in connection with the matter for which the broker is employed, and which might affect the principal's rights and interests or influence his actions.

■ However, the circumstances as to what facts are material and require full disclosure, where they do not involve self-interest, kinship, or strictly adverse interest, such as found in *Mersky* and cases cited therein, *Ramsey v. Sedlar*, 75 Wn.2d 901, 454 P.2d 416 (1969) and *Gamel v. Lewis*, 373 S.W.2d 184 (Mo. 1963), cannot be determined as a matter of law, but must be determined by the trier of facts after consideration of all the evidence. *Twomey v. Mitchum, Jones & Templeton, Inc.*, 262 Cal. App. 2d 690, 69 Cal. Rptr. 222, 239 (1968).

■ In the instant case, through its unchallenged findings which support its conclusions of law, the court determined defendants did not fail to disclose a material fact contrary to plaintiffs' contention. Even though this court, on the same facts, might have reached a different conclusion, we are bound to accept the trial court's findings, since they are based on substantial evidence. *Stone Mach. Co. v. Kessler*, 1 Wn. App. 750, 758, 463 P.2d 651 (1970).

Plaintiffs' challenge to conclusions of law Nos. 1 and 4 is without merit; they are supported by the unchallenged findings of fact.

Therefore, judgment of the trial court is affirmed.

Evans, C. J., and Green, J., concur.